ALBANY,
October, 1829.

Kane
v.
The People.

KANE, impleaded with others, *vs.* THE PEOPLE.

ERROR from the Oneida oyer and terminer. The defend- ants, being the president and two of the directors of the *Mo- hawk Turnpike Company*, were indicted for a misdemeanor. The fact charged, in which the offence consisted, was that the road of the company, of which they were the president and two of the directors, was and had been out of repair for a length of time. The defendant Kane was convicted, and the others were acquitted. A fine of $200 was imposed upon Kane, and he brought a writ of error.

The indictment contains two counts. In the first, the in- corporation of " The Mohawk Turnpike and Bridge Compa- ny," passed in 1800, for the purpose of erecting a bridge at Schenectady, and constructing a turnpike road from thence to Utica, is set forth, and the duties and liabilities of the president and of the directors of the company are describ- ed. It is then averred that a road was constructed; that gates were erected and tolls collected; that the road for a distance of 200 rods, extending from the bridge at Utica east- wardly, from the 1st January, 1827, until the finding of the indictment in June, 1827, was greatly out of repair, so as to endanger the lives and property of the good people, &c.; that during the time last aforesaid, David Boyd was president, and Joseph C. Yates and Charles Kane were directors of the company, whose duty it was (as alleged) to keep the road in good order and repair; that the defendants had notice of the premises, and neglected and refused to keep the road in re- pair. The second count is substantially the same as the first, except that after setting out the act of incorporation of the Mohawk Turnpike and Bridge Company, it is averred that in 1805, an act of the legislature was passed authorizing the company to divide their stock into two parts, and to form two companies, one to be denominated " The Mohawk Turnpike Company," and the other " The Mohawk Bridge Company," the one to have charge of the road, the other of the bridge; that such division did take place, whereby " The

*Marginal note:*
The president and directors of the *Mohawk Turnpike Com- pany* are per- *sonally* liable to punishment as for a misde- meanor for ev- ery neglect to keep the road in good repair. The offence be- ing *personal*, is punishable by fine and im- prisonment, and the judg- ment is not *that the road be repaired.*
The offence is joint and sev- eral; where- fore some may be acquitted and others convicted.
It seems, that the endeavor of any director in the board of directors to obtain an or- der for the re- pair of the road would en- title such di- rector to an acquittal.
Where there are two counts in an indict- ment for a mis- demeanor, one good and the other bad, and the defendant is convicted, the indictment will not be quashed on demurrer, nor the judgment arrested or re- versed for that cause.

Mohawk Turnpike Company" became a body corporate and politic, and the officers of the company became liable to the duties, liabilities and penalties to which the officers of " The Mohawk Turnpike and Bridge Company" were liable and subject by the first act of incorporation; that after the division of the stock, *The Mohawk Turnpike Company* kept up and maintained the gates on the road, and collected tolls, &c.; that from the 1st January, 1827, until, &c. the road was out of repair; and that Boyd was president, and Yates and Kane were directors of the last mentioned company, &c. &c.

By the *fifth* section of the act incorporating " The Mohawk Turnpike and Bridge Company," it is made the duty of the president and directors of the company to keep the road in good repair, (the remainder of the section reads as follows,) " and every neglect to keep and preserve the same road in such repair, shall be taken, judged and deemed a misdemeanor in the president and individual directors for the time being of the said company."

*C. P. Kirkland & A. C. Paige*, for plaintiff in error.

*H. Denio*, (district attorney of Oneida) for the people.

*By the Court*, SAVAGE, Ch. J.   Several grounds have been urged as error and relied on for the reversal of this judgment, neither of which can be sustained.   It is said, 1. That the act under which the conviction was had does not make the officers *personally* liable.   The language of the act is, that every neglect to keep and preserve the road in good repair shall be deemed a misdemeanor in the president and individual directors for the time being of the company.   If the *individual* officers are deemed guilty of an offence, they must be *individually* punishable, which of course must be *personal*.   No statute was necessary to make the road itself indictable as a nuisance; upon such an indictment, however, the officers would not be liable to punishment *individually*; where the legislature make them thus liable, they can mean nothing else, but that they are to be *personally* liable.

2. It is objected that the defendants are indicted under two acts as the officers of two distinct companies. This is so, but it is no ground of error ; the counts are good in form, and the the defendauts are liable only as officers of " The Mohawk Turnpike Company." There is no such company nominally as the one described in the first count; but if there is one good count, my impression is, judgment cannot be arrested, nor would the indictment be quashed on demurrer. It is a mistake, I think, to say that the defendants were indicted *as directors.* They were indicted as *individuals,* and the facts charged being found to be true, they are to be punished as individuals, the law adjudging them guilty of a misdemeanor.

3. It is said that the act of 1805 does not continue the *individual* liability of the officers. The liability imposed by the act of 1800 is not repealed, and the only effect of the act of 1805 is to create " the bridge company " out of the stock of the old company ; the provisions of the first act remain, and as the liability is *individual,* I can see no reason why the prosecution may not be against *each* separately, If it is joint, one may be acquitted and another convicted. Although the offence may be joint, it is several also, and therefore it is no objection that others, joined in the same indictment, have been acquitted. For aught we know the other defendants may have shewn that they endeavored in the board of directors to have the road repaired, but were overruled by the defendant, who is convicted, with the aid of other members of the board.

4. It is said the judgment should have been *that the road be repaired.* It must be remembered that the offence is made by statute a mis-demeanor, and according to my reading of it, the offence is personal. It must, therefore, be punished like other misdemeanors by fine and imprisonment, both or either at the discretion of the court.

Judgment affirmed.