Sháw, C. J.
The object of the present writ of error is to reverse a judgment of the court of common pleas in the county of Middlesex, upon an indictment charging the prisoner with breaking and entering, in the night time, a shop adjoining a dwelling-house, with an intent to commit larceny; and in another count, with a larceny. Several objections to the record, in respect to the holding of the court, defects in not naming the grand jurors, who found the bill, and other formal defects, have been considered and overruled, in the case of Turns v. Commonwealth, (ante, 224.)
The first count in this indictment is founded on St. 1839, c. 31, which enacts that “every person, who shall break and enter, in the night time, any shop or warehouse, adjoining to or occupied with a dwelling-house, with intent to commit the crime of murder, &c., larceny, or any other felony, shall be punished by imprisonment in the state prison, not more than 20 years.” *239 The objection to the first count is, that it does not allege that the prisoner broke and entered the shop, with intent to commit larceny, or other felony, and so does not bring the case within the statute. The averment is, that he broke and entered the shop, the goods of said Fogg, then and there being found, felo-niously to steal, take and carry away. This is a sufficient averment of an intent to commit larceny. It was the definition of larceny, instead of the word. The word “ larceny ” is not one of those terms of art, which it is indispensable to use, in an indictment, and as a substitute for which no synonymous word, and no description or definition, is admissible. Feloniously to steal goods is larceny.
Nor is it necessary to describe the goods intended to be stolen. A general intent to steal goods would complete the offence; and therefore the averment of such intent, without more, is sufficient to charge it. And the rule would be the same, if in fact there were no goods, or no goods of Fogg, in the shop. The crime was complete, by the breaking and entering with an intent to steal goods.
The next objection is, that there were two distinct offences charged, in two distinct counts, which is irregular. Without considering whether, if this is an irregularity, for which a court would, on motion, quash the indictment, or put the prosecutor to his election on which count to proceed, (Commonwealth v. Tuck, 20 Pick. 362,) we think that, within certain limits, different offences, of the same nature, may be stated in different counts of an indictment, when the same mode of trial applies, and the same judgment is to be given. Cases of Carlton and Booth, 5 Met. 532, 535. It has been supposed that these cases are inconsistent with the decision of Commonwealth v. Hope, 22 Pick. 1, in which it was held, that the charge of breaking and entering a house, and actually stealing therefrom, though in effect charging two distinct offences, was to be punished only as one offence of breaking and entering with an intent to steal. That case was decided on the ground, that where breaking and entering are averred, and an actual stealing at the same time, all charged in one count, the charge of stealing is substituted *240 for an averment of an intent to steal; a mode of charging which is warranted by the precedents there cited. We think the distinction to be this; that where the breaking and entering, and actual stealing, are charged in one count, there is but one offence charged, and there can be but one penalty adjudged. But where they are averred in distinct counts, as distinct substantive offences not alleged to have been committed at the same time, and as one continued act; if, in other respects, they are such offences as may be joined in the same indictment, the defendant may be convicted on both, and a judgment rendered, founded on both.
Another ground relied on is, that the second count in this indictment was bad and insufficient, because it did not more precisely state the description, number and value of the articles alleged to be stolen. Suppose this count bad, (a question which we have not found it necessary to decide,) the question is, whether, if there be several counts, and one bad, and a general judgment thereon, it can be reversed for error. If the verdict were general, and the judgment were m terms rendered on the good count, the judgment would be undoubtedly good. .But the questión is, whether it is so, when the judgment is general. We think the rule is, that if there be a good count, and one which alone would be sufficient to warrant the judgment, if it had stood alone in the indictment, the judgment would be good. The punishment is awarded, by the court, upon a view and knowledge of the facts alleged and proved, and the presumption of lawr is, that they adjudged upon the good count only. This rule is a reasonable one, and well established by the authorities Brown v. Commonwealth, 8 Mass. 64. Kane v. The People, 3 Wend. 363. Jennings v. Commonwealth, 17 Pick. 80.
In the present case, the punishment might have extended to twenty years’ imprisonment, on a conviction upon the first count, had it stood alone. St. 1839, c. 31.

Judgment affirmed.