# THE SUPREME COURT

OF

## PENNSYLVANIA.

| 31 | 69 |
|----|----|
| 138 | 371 |
| 31 | 69 |
| 150 | 126 |
| 31 | 69. |
| 165 | 477. |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### EASTERN DISTRICT—PHILADELPHIA 1850-8.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### Pray *versus* The Northern Liberties.

A municipal claim for paving, &c., is not a tax, within the meaning of the Act 3d February 1824, and need not be registered in the office of the county commissioners.

Existing claims were within the provisions of the Act 16th April 1840: that act only facilitated and enlarged the remedy, and did not create the right.

ERROR to the District Court of *Philadelphia*.*

This was a municipal claim filed by The Commissioners and Inhabitants of the Incorporated District of the Northern Liberties, on the 19th March 1842, against Peter P. Nonater, owner or reputed owner, &c., for $308.58; for pavement and curbstone laid in front of a lot of ground, on the east side of Fourth street, 101 feet from Poplar street, on the 20th July 1828, with interest and commissions thereon.

On the same day on which the claim was filed, a *scire facias* was issued thereon, under the provisions of the Act 16th April 1840. To this writ the sheriff made the following return : " Made known by leaving a true and attested copy of the within writ, at the house of John Pray (occupying a portion of the premises) with an adult member of his family; also, posted two copies of the same upon the premises, and advertised according to law."

* This case, heretofore unreported, was decided in March 1850, but was omitted in the reports of that term ; having been frequently cited, both by the court and by counsel, it was deemed proper to present it in this form to the profession.

[Pray *v.* The Northern Liberties.]

John Pray, a terre-tenant of a portion of the premises, appeared and took defence. On the 7th December 1847, he filed the following plea:—

"And the said defendant, in answer to the claim of the plaintiffs, says, that the said plaintiffs ought not to have and maintain their said action, because, he says, the claim and lien as filed, is not sufficient in law, in this, that the requirements of the law, according to the Act of the 3d of February 1824, have not been complied with in filing the lien upon which the claim is founded. No schedule of the claim has been filed with the county commissioners, together with the names of the parties charged in the duplicate. No description of the property is given, together with the names of the adjoining owners. No allegation, by affidavit, verified before a justice or alderman, and filed with the commissioners, that the tax could not be collected, or that the collector had been diligent to collect the same. No printed or written notice was ever served upon the party charged in the duplicate, or left at his place of residence, thirty days before the 1st of April next succeeding the date when the tax was assessed. No copy of such notice, and affidavit of the service thereof, filed with the county commissioners, with the aforesaid schedule. All which matters the defendant is ready to verify."

The plaintiffs demurred to this plea; and the court below rendered judgment for the plaintiffs on the demurrer. The death of John Pray was then suggested, and Michael Pray, his executor, to whom the property, alleged to be bound by the claim, had been devised in trust, was substituted, who sued out this writ, and here assigned for error that the court below erred in rendering judgment for the plaintiffs below, on the demurrer to the defendant's plea.

*C. W. Brooke,* for the plaintiff in error.—The Act 3d February 1824, requires all unpaid taxes to be registered in the office of the county commissioners, in order to create a lien. The demurrer admits that the provisions of this Act have been disregarded by the defendants in error, in the present case. The Act 16th April 1840, gave a more efficient remedy for the recovery of these claims, but did not dispense with the requisites of the prior acts: Commissioners of Spring Garden's Appeal, 8 *W. & S.* 444; Pennock *v.* Hoover, 5 *Rawle* 291, 315.

*Brightly,* for defendants in error.—These claims are not taxes, because not imposed for any public purpose, but upon the owners of property, on their own application, and for *their* benefit exclusively: Sharp *v.* Speir, 4 *Hill* 82; Matter of the Mayor of New York, 11 *Johns.* 77; Bleecker *v.* Ballou, 3 *Wend.* 363; Act 16th April 1840, *P. L.* 412; Act 19th April 1843, *Purd. Dig.* 432;

·[Pray v. The Northern Liberties.]

Act 16th April 1845, *Ibid.* 773, 1114; Act 11th March 1846, *Ibid.* 1116. The only case in which these claims are spoken of as taxes is Pennock v. Hoover, 5 *Rawle* 291: the learned judge who delivered the opinion of the court, in that case, does not appear to have noticed the distinction between taxes and assessments for street improvements, and speaks of them as taxes; but this was not the point decided.

The opinion of the court was delivered by

COULTER, J.—This is a claim filed by the Commissioners of the Northern Liberties under the Act of 1840, for paving, &c. That Act seems fully to cover and protect the case of the commissioners. It is of no consequence that the claim existed before the passage of the act. The claim was undoubtedly good. The Act of 1840 only facilitated and enlarged the remedy; it did not create the right. The owner or reputed owner is named in the claim filed, the property sufficiently described, so as to identify it to a reasonable intendment. The writ of *scire facias* issued on the claim is served as the law directs. The assessment or charge for paving was not a tax, either technically speaking, nor according to the purview of the Acts of Assembly on the subject. A tax is generally understood to mean the imposition of a duty or impost for the support of government. In that sense it is understood all the· world over, as contradistinguished from a mere municipal or corporate charge for the improvement of property, within the corporation or municipal bounds. This view of the case is fully sustained by the case of Sharp v. Speir, 4 *Hill* 82, per BRONSON, J.; and in 11 *Johns. Rep.* 77; and particularly in Bleecker v. Ballou, 3 *Wend.* 363. And this carries away the main argument of the plaintiff in error.

Nothing is more reasonable and fair than that the owners of property should be compelled, with their fellow-corporators, to pay for improvements in the streets, paving, &c., which is for the benefit of all, and not lie by and evade the payment of assessments for that purpose, and yet enjoy the full benefit of the improvements. We think the judgment of the court below was right.

                                        Judgment affirmed.