# Philadelphia to use v. United States Housing Corporation, Appellant.

*Corporations — Government ownership of stock — Government agency—Liability of corporation for municipal improvements.*

1. When the government embarks in a corporate industrial enterprise, it places its money and its sovereign position on the same plane as any other stockholder of the corporation.

2. In the absence of a statutory provision to the contrary, a corporation organized for and acting as an agent of the United States, is liable for its contracts and its torts, even though the government owns all of its capital stock.

3. The corporate real estate, under like circumstances, is liable for municipal improvements, the same as property owned by others would be.

4. By the Act of Congress of March 22, 1922 (42 Stat. at L. 468), such corporation's property is made liable to the city for all municipal improvements, the same as all other property affected thereby.

5. Not decided whether execution can issue against said property while the government ownership continues; this will be determined when, if ever, plaintiff issues execution and defendant moves to set it aside, and it comes up on review.

6. While general taxation and local assessments have their basis in the taxing power, the similarity between them ends at this point. The former is not based on contract and is limited only by

the necessities of the government; the latter is quasi-contractual and is limited to the benefit accruing to the property affected.

*Contracts—Statute—Construction.*

7. No part of a contract or statute will be treated as meaningless unless this is the only course reasonably possible.

Argued April 14, 1924. Appeal, No. 346, Jan. T., 1924, by defendant, from judgment of Superior Court, Oct. T., 1923, No. 150, affirming order of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 4254, M. L. D., making absolute rule for judgment for want of sufficient affidavit of defense, in case of City of Philadelphia to use of Union Paving Co. v. United States Housing Corporation of Penna. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court (82 Pa. Superior Ct. 343).

The opinion of the Supreme Court states the facts.

Judgment of lower court making absolute rule for judgment for want of sufficient affidavit of defense, was affirmed. Defendant appealed.

*Error assigned* was judgment, quoting it.

*Francis B. Biddle,* Assistant U. S. Attorney, with him *Thomas W. O'Brien* and *Geo. W. Coles,* United States Attorney, for appellant.—The United States owns the property liened, and has in effect been made a party to this suit: Cunningham v. R. R., 109 U. S. 446; Minnesota v. Hitchcock, 185 U. S. 373; Oregon v. Hitchcock, 202 U. S. 60; United States ex rel. v. Daniels, 231 U. S. 218; Railroad Co. v. Peniston, 18 Wall. 5.

The state may not by taxation interfere with the effectiveness of federal agencies: M'Culloch v. Maryland, 4 Wheaton 316; Osborn v. Bank of United States, 9 Wheaton 839; Farmers' Bank v. Minnesota, 232 U. S.

516; Choctaw, etc. R. R. v. Harrison, 235 U. S. 292; Indiana Territory, etc., Oil Co. v. Oklahoma, 240 U. S. 522; Bank of California v. Richardson, 248 U. S. 476; Smith v. Kansas City T. & T. Co., 255 U. S. 180.

Defendant, the United States Housing Corporation, is a government agency which cannot be taxed: Thompson v. Pacific R. R., 9 Wall. 579; Pembina Consolidated Silver etc. Co. v. Penna., 125 U. S. 181; Louisiana v. McAdoo, 234 U. S. 627; Minnesota v. Hitchcock, 185 U. S. 373; Oregon v. Hitchcock, 202 U. S. 60; Louisiana v. Garfield, 211 U. S. 70.

*Allen S. Olmsted, 2d.* and *James F. Ryan,* with them *Saul, Ewing, Remick & Saul,* for appellee.—The ownership of all the stock by the United States is not a defense: Sloan Shipyards v. Emergency Fleet Corp., 258 U. S. 549; Haines v. Lone Star Shipbuilding Co., 268 Pa. 92.

The appellant is not immune from municipal assessment because of the function it performs: Norwood v. Baker, 172 U. S. 269; Illinois Central R. R. v. Decatur, 147 U. S. 190; Sewickley Church's App., 165 Pa. 475; Hammett v. Phila., 65 Pa. 146.

OPINION BY MR. JUSTICE SIMPSON, May 12, 1924:

In anticipation of, and during the war with Germany and her allies, Congress, by various statutes, authorized the President to secure the performance of a number of needed war activities, through the usual executive channels, or, in his discretion, to organize corporations for the purpose. Included in this list were the Acts of May 16, 1918 (40 Stat. at L. 550), and June 4, 1918 (40 Stat. at L. 594); the former empowered him, whenever it became necessary to provide proper housing for government employees engaged in war work, to obtain real estate, by gift, lease, purchase, or condemnation, and to erect buildings thereon; the latter authorized him to

have those powers exercised by a corporation to be created for the purpose.

Under the authority of the statute last cited, and to the end designated, the President directed that a charter be obtained in this Commonwealth. This was the genesis of defendant. The application for the charter set forth that the purpose of incorporation was the "purchasing, holding, leasing, mortgaging and selling real estate, improving the same, and erecting the necessary buildings and structures thereon," but was silent as to the Government's connection with the enterprise. In pursuance of its real purpose, however, defendant purchased the property described in the municipal claim filed in this case, took title in its own name, and erected buildings thereon for the housing of the particular character of government employees to which reference has been made.

Nearly two years after the conclusion of the war, the street upon which the property fronted was duly paved, and the single question raised on this record is whether or not, under the facts stated and upon a proper construction of the relevant statutes, the property is liable to pay its proportionate share of the cost of the paving. The court of common pleas answered this question affirmatively, and entered judgment for plaintiff, for want of a sufficient affidavit of defense to the scire facias issued on the municipal claim filed to recover defendant's share of the cost; the Superior Court answered it likewise and affirmed the judgment; we now resolve it in the same way.

Apparently driven thereto by the opinions in Haines v. Lone Star Shipbuilding Co., 268 Pa. 92, and Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, 258 U. S. 549, appellant concedes that it can be sued upon its contracts and for its torts; that this particular property, and all others owned by it, can be sold upon any judgment recovered in either kind of action, and that the Government's in-

terest would be wholly divested by such a sale. Under like stress, it further admits that if it had contracted for the street paving, the property could have been effectively sold upon a judgment recovered for that debt.

When it purchased the property, defendant knew it could not contract for paving the street, which could be done only by virtue of a contract made by the city, acting in the interest of each property owner and of the public generally, each property (but not any owner personally) being liable for the special benefits thereby accruing to it, not exceeding, however, its pro rata share of the cost of the improvement. Appellant does not challenge the fact that the property was enhanced in value to the full extent of the present claim, and hence its contention necessarily is that, although the Government has, by the course pursued, waived much of the immunity it might otherwise have had as to this property, which would have been liable for its full share of the cost of the paving, if defendant itself had had the work done, nevertheless, although benefited to the full amount claimed, it is not liable solely because the work was contracted for in the only legal way, i. e., by a municipal contract covering the entire improvement. It is of course true that this may result from the language of the statutes, but its improbability suggests that they be carefully scanned in order to determine whether or not they so provide.

An examination of them shows, however, that the Government does not expressly waive its immunity in any respect. The conclusion that this was intended, is drawn from the fact that no other reason appears for the creation of a corporation to transact the particular business. In Haines v. Lone Star Shipbuilding Co., supra, we said (pages 99, 100) that "when the Government wishes to embark in industrial enterprises......it places its money and its sovereign position in the same plane as any other stockholder buying stock in the same corporation,......and [citing from the opinion in Gould Coup-

ler Co. v. United States Shipping Board Emergency Fleet Corporation, 261 Fed. 716, while reviewing The Lake Monroe, 250 U. S. 246] 'the governmental agencies used should, whenever it can fairly be drawn from the statutes, be subjected to the same liabilities and to the same tribunals as other persons or corporations similarly employed.'" If these statements are even measureably correct, it necessarily follows that the property should be held liable for the amount of the municipal claim here in dispute.

In a vain attempt to antagonize this conclusion, largely by the citation of prior cases there, as here, called to the court's attention, appellant contends that the principles stated should be applied only to the extent it has conceded them to be applicable, namely, to claims resulting from its voluntary acts, whether contractual or tortious, and not to an alleged liability for taxes, which latter designation, it asserts, includes special assessments. It is true that general taxation and these local assessments have their basis in the taxing power, but there the similarity ends. Payment of the former results in no return to the treasury; while, in nearly every instance, all that is expended for the latter, and, not infrequently, much more, comes back when the property is sold. The former had no basis in contract and is limited only by the necessities of the government; the latter is quasi-contractual and is expressly limited to the benefits accruing to the property affected. These distinctions are clearly pointed out in Illinois Central Railroad Co. v. City of Decatur, 147 U. S. 190, and, as shown thereby, "have been recognized and stated by the courts of almost every state in the Union."

In the instant case the street was paved nearly two years after the need had passed for which defendant was organized as a governmental agency. The property is not now being held for its original purpose, but only that it may be sold, as directed by the Act of May 16, 1918, supra, "as soon after the conclusion of the war as

it can be advantageously done." The affidavit of defense does not aver that the city knew, or should have known, that the Government had any interest in the property, nor does it state that any objection was made to the doing of the work while it was being prosecuted, although defendant, and through it the Government, as its principal, knew of the fact, and of the enhanced value which the property acquired by reason of the delay in disposing of it until after the paving was done, without which, in all probability, there could be no advantageous sale consummated. Perhaps upon those facts an estoppel or an implied contract to pay might be built, but it is unnecessary to consider either possibility, since the situation has been clarified by the later Act of March 21, 1922, 42 Stat. at L. 468.

Evidently Congress passed that statute because it recognized the injustice of compelling municipalities either to defer making needed local improvements until years after the war had ceased, and until the properties, purchased by the Government for temporary uses, had been sold, or else to pay from their own treasuries the cost of making such improvements, which, although greatly enhancing the value of the properties, were possibly of such a character that no recourse over could be had. It therefore provided by the act that, after the war was over, defendant, and others in like situation, should not only care for and sell the properties formerly used for housing purposes, but should "conclude, execute, settle and adjust all contracts or other obligations made or incurred during the war, or in carrying out the provisions of this act, including contracts or other obligations made or incurred with municipalities or other political subdivisions for the furnishing of service and facilities to the property of such corporations, and for the construction of public utilities by such municipalities or other public subdivisions in pursuance of the terms of said contracts or other obligations." It will be noticed at once that this statute applies to obligations

that are noncontractual as well as to those based on contract, for otherwise the words "other obligations" would be meaningless; a conclusion we cannot draw unless no other is reasonably possible: Com. ex. rel. v. Benton Township School District, 277 Pa. 13. It also appears by the language of the act, that these noncontractual obligations are those payable to "municipalities or other political subdivisions" only. It is clear, too, that Congress could not have intended to make defendant (or any other such governmental agency) liable for things which did not benefit the properties held by it for the Government. These conclusions being established, it is evident that those agencies are required to pay for such noncontractual services, facilities and utilities as municipalities may have furnished or constructed, and which benefit the Government property. It is difficult to conceive of any of these which are not within the class for which special assessments are made; certainly all such, including this bill for paving, are necessarily within the reason and spirit of the statute.

To avoid misapprehension, it should be said also that our affirmance of the judgment does not determine the right to maintain execution on it, while the Government's interest in the property continues; under our practice this will be decided by the court below, subject to an appeal, when, if ever, plaintiff issues an execution and defendant moves to set it aside.

The judgment of the Superior Court is affirmed.