CITY OF NEW YORK, Respondent, *v.* JOHN C. FLYNN and Another, Appellants.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, June, 1931.

*Graham & Reynolds [Sol A. Rosenblatt of counsel], Coudert Brothers [Frederic R. Coudert, Jr., of counsel], for the appellants.*

*Arthur J. W. Hilly, Corporation Counsel [J. Joseph Lilly of counsel], for the respondent.*

PER CURIAM. The appellants were convicted of violating section 240 of article 20 of chapter 10 of the Code of City Ordinances.

Section 240 reads as follows: " Permits. No person shall store or keep on hand any inflammable motion picture-films in quantities greater than five reels, aggregating more than 5,000 feet in length, without a permit."

Article 26, section 300, reads: " Violations. Any person who shall willfully violate or neglect or refuse to comply with any provision of this chapter, in addition to any other penalties prescribed by law or ordinance, shall, upon conviction, be punished by a fine of not more than $500, or by imprisonment not exceeding six months, or by both such fine and imprisonment."

The appellants on this conviction were each fined $500 or six months in the City Prison.

The building at which the violation is charged to have been committed was situated at 1990 Park avenue in the city and county of New York and had been for some years occupied for use in connection with the making of motion and sound pictures.

The record of the examination before the magistrate in these two cases is in each case unnecessarily long and contains a great deal of irrelevant matter.

It is conceded that the Pathe Company had on hand in this building over 100,000 feet of inflammable film and that no permit had been obtained from the fire department.

There is, therefore, only one question for this court to pass upon, viz.: Can the two defendants be held responsible for keeping or storing more inflammable film than the law permits, without a permit?

The appellants Flynn and Lalley can be said to have been jointly in charge of the building for the Pathe Company.

We believe they can be held responsible. They knew how much film was kept on the premises and they should have made it their business to see that the necessary permit was obtained from the fire department. They were the representatives of the corporation.

The appellants contend that their acts or omissions were only committed in their representative capacity and that their principal, the corporation of which they were officers, can only be held liable. This is not the law; individuals are personally responsible for their

violations of law even when committed in the course of representative action. (See *Cowley* v. *People*, 83 N. Y. 464.) The charge against the defendant in this case was that he willfully neglected to furnish for a child, of whom he had the care and custody, proper and sufficient food, clothing and medicine; thus causing the child's health to be injured. He defended on the ground that the responsibility was not upon him but upon his principal, a corporation to whose care the child was committed. FOLGER, Ch. J. (at p. 468), says: " We think that when the legislature said that whoever, having the care or custody of any child, shall willfully permit the life of said child to be endangered, it meant by those words a sentient being who could will and do of his own good pleasure; and that such a one is not without the close purview of the act, because an officer of a corporation, an artificial entity that cannot will or do, save through sentient beings." Further on in the same case (on p. 469) the learned chief judge says: " It has, however, for years been the law of this State that the officers of a corporation might be indicted for the neglect of a duty resting upon it. (*Kane* v. *The People*, 3 Wend. 363.) " (See, also, *People* v. *Knapp*, 206 N. Y. 373, at 381; *United States* v. *Winslow*, 195 Fed. 578, 581.)

The judgment in each of these cases is, therefore, affirmed.

All concur; present, McINERNEY, P. J., KERNOCHAN and VOORHEES, JJ.