Evans, Appellant, *v.* West Norriton Township Municipal Authority.

Argued January 16, 1952. Before DREW, C. J., STERN, STEARNE, BELL, CHIDSEY and MUSMANNO, JJ.

*Malcolm Campbell,* with him *Arthur R. Kane, Jr.,* for appellant.

*George F. B. Appel,* with him *Russell J. Brownback, Caspar W. B. Townsend, Jr.,* and *Townsend, Elliott & Munson,* for appellee.

OPINION BY MR. JUSTICE BELL, March 24, 1952:

This case involves several important questions: What is the proper construction of §4B(s) of the Municipality Authorities Act of May 2, 1945,* and does this Authority created thereunder violate Article III, §20 of the Pennsylvania Constitution?

We are informed that this is a test case which will affect many, if not all, of the Authorities which have been or are about to be incorporated under the above-mentioned Act in connection with the Pure Streams Program. The Stream Pollution or so-called Pure

---

* P. L. 382, as amended, §4B(s), 53 P.S. 2900z-5.

Streams Program is one of the most beneficial programs for protecting and improving the health of the people of Pennsylvania ever enacted. The importance of clean, pure water for drinking purposes and for many industrial purposes while not yet universally recognized is very great. This policy or program can be practically and effectively carried out only if sewage disposal plants or incinerator plants or other measures costing large sums of money can be built at local expense. Many communities throughout the State are able to finance such a plan and carry out such a project only by the creation of a quasi-public governmental body such as an Authority. Remedial legislation which preserves or promotes the health of all the people of this Commonwealth should certainly be given the benefit of any reasonable doubt as to its constitutionality.

Plaintiff, a taxpayer, filed a bill in equity to enjoin defendant from imposing and collecting (sewer) charges assessed against her property, for the reason that §4B(s) of the Municipality Authorities Act, supra, was in contravention of Article III, §20 of the Constitution of Pennsylvania. The court below sustained defendant's preliminary objection and dismissed the bill in equity.

The Board of Township Commissioners of West Norriton Township, by Ordinance dated June 6, 1947, created the West Norriton Township Municipal Authority, pursuant to and in accordance with the Municipality Authorities Act. The township commissioners, by Ordinance dated May 5, 1950, approved the plan and report of the Authority's engineers and also approved the Authority's proposal to assess not exceeding $560,000.00 of the total cost of a sewer against the adjoining property owners according to the foot front rule.

Before we can decide whether §4B(s) of the Municipality Authorities Act violates Article III, §20 of the

Pennsylvania Constitution we must determine exactly what the Act provides. Every Authority is granted all powers necessary or convenient for the carrying out of the purposes of the Act. The specific powers enumerated are many and vast and include the power of eminent domain, the power to buy, lease and sell real or personal property, to borrow money, to enter into a wide range of contracts, and more specifically the power set forth in §4B(s), which reads as follows: "To charge the cost of construction of any lateral sewer constructed by the Authority against the properties benefited, improved or accommodated thereby according to the foot front rule. Such charges shall be based upon the foot frontage of the properties so benefited, and shall be a lien against such properties. *Such charges may be assessed* and collected and such liens may be enforced *in the manner provided by law for the assessment* and collection *of charges* and *the enforcement of liens of the municipality** in which such Authority is located: Provided, That no such charge shall have the force and effect of a lien unless prior to construction of such sewer system the Authority shall have submitted the plan of construction and estimated cost to the municipality in which such project is to be undertaken, *and the municipal authority shall have approved such plan and estimated cost: And provided further,* That the cost of the construction shall not have exceeded the estimated cost as approved by the **municipal** authority."

Section 20 of Article III of the Pennsylvania Constitution provides: "The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or *to*

---

* Italics throughout, ours.

*levy taxes or perform any municipal function whatever."*

The specific questions which arise are (1) is the Authority a special commission or private corporation; (2) is the imposition of a charge for the cost of construction of a lateral sewer against the property benefited a local assessment or a tax; (3) does the act delegate to the Authority the power to perform municipal functions and to levy taxes, or if such powers are vested in the elected local Commissioners, is the delegation of these powers in the mode prescribed by the Act constitutional? We shall discuss these three questions seriatim.

1. A Municipal Authority is defined by the Act as "a body politic and corporate". Its members are appointed by elected public officials. It receives a charter from the Commonwealth of Pennsylvania which grants it certain characteristic attributes of a corporation. It is authorized by law and by its charter to perform vast private as well as certain limited public functions. The line of demarcation between what was termed in earlier times a special commission or private corporation and the modern so-called public authority (or quasi-public governmental agency, instrumentality or body politic and corporate), has never been clearly drawn or precisely defined.

None of the cases heretofore decided by this Court are directly in point or controlling, but it will be helpful to review a number of them.

The constitutionality of Authorities which have been chartered under this or a similar act have been sustained; and the courts have declared in a number of recent cases that such an authority is not a special commission or a private corporation, and that, notwithstanding its possession of broad powers usually associated with government, an Authority does not come within the prohibition of Article III, §20 of the Penn-

sylvania Constitution: *Tranter v. Allegheny County Authority,* 316 Pa. 65, 173 A. 289 (Authority to construct and maintain toll highways); *Williams v. Samuels,* 332 Pa. 265, 2 A. 2d 834 (Authority to buy, sell and lease water and sewer system); *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209, 200 A. 834 (Authority for slum clearance); *Belovsky v. Redevelopment Authority,* 357 Pa. 329, 54 A. 2d 277 (Authority for redevelopment of blighted areas). However, these cases are not controlling for in none of them was the Authority given a right to levy taxes.

2. Is the sewer assessment a tax? Whether a sewer charge or assessment or lien is a local assessment as distinguished from a tax is a matter on which the authorities are not as clear as they might be. Assessments by elected public officials of the cost of a sewer against the properties benefited was held to be constitutional although a "species of taxation". *Oil City v. Oil City Boiler Works,* 152 Pa. 348, 25 A. 549; *Hammett v. Philadelphia,* 65 Pa. 146; *Michener v. Philadelphia,* 118 Pa. 535, 12 A. 174; *Harrisburg v. Segelbaum,* 151 Pa. 172, 24 A. 1070. However, in *Manheim Township Supervisors v. Workman,* 350 Pa. 168, 38 A. 2d 273, the Court, after holding that an annual tax upon abutting property owners for electric street lighting was a violation of the uniformity provision of Article IX, §1 of the Constitution, although the requirement of uniformity does not apply to assessments for the cost of local improvements, said (page 172): ". . . it is proper to make municipal assessments for local improvements; such assessments, although stated in Hammett v. Philadelphia, supra, to be a 'species of taxation', are not really taxes but claims laid against properties specially benefited, being in the nature of an exaction from them of compensation for the presumed increase in their values resulting from the improvement".

Moreover, a distinction between taxes and municipal charges or assessments against abutting property owners was recognized in *Northern Liberties v. St. John's Church*, 13 Pa. 104, 107; *Pray v. Northern Liberties*, 31 Pa. 69, 71; *Phila. v. U. S. Housing Corp.*, 280 Pa. 417, 124 A. 669. Compare also the line of cases which hold that an exemption from taxation either by statute or by charter does not constitute an exemption from special assessments: *Phila. v. Pennsylvania Hospital*, 143 Pa. 367, 22 A. 744; *Broad Street. Sewickley Methodist Episcopal Church's Appeal*, 165 Pa. 475, 30 A. 1007; *Phila. v. Union Burial Ground Society*, 178 Pa. 533, 36 A. 172; *Harrisburg v. Cemetery Assn.*, 293 Pa. 390, 143 A. 111. For reasons hereinafter appearing, it is unnecessary to decide whether the assessment of the cost of a sewer and the liening of such a charge is merely an assessment for local purposes and local benefits or is a tax within the meaning of §20 of Article III of the Constitution.

3. Does the Act delegate to an Authority the power to perform municipal functions and to levy taxes or are those powers vested only in the *elected* local Commissioners and in the latter event is the delegation of these powers *in the mode prescribed by the Act* constitutional?

It is well established that the State legislature has the right to delegate its power to tax, to municipal bodies such as counties, cities, boroughs, and townships, whose commissioners or taxing officers *are elected by the people*; and for the purposes and objects of carrying on local government, such elected public officials may perform municipal functions and may be validly and constitutionally authorized to impose and collect taxes: *Durach's Appeal*, 62 Pa. 491; *Sharpless v. Mayor of Philadelphia*, 21 Pa. 147; *Wilson v. Philadelphia School District*, 328 Pa. 225, 195 A. 90. Moreover,

elected local public officials may be specifically author-
ized to assess sewer charges and create liens therefor
against the abutting or benefiting property owner.*

Furthermore, the analogous (so-called) "School
Board cases" uphold the constitutionality of acts which
authorize school boards, school districts or similar
bodies to administer schools and the school systems,
and to impose and collect a tax *if the legislature* (or
the duly elected public officials of a municipality) *fix
the tax or fix a maximum ceiling or limit on the tax*:
*Wilson v. Philadelphia School District,* 328 Pa. 225,
195 A. 90; *Minsinger v. Rau,* 236 Pa. 327, 84 A. 902;
*Moore v. Pittsburgh School District,* 338 Pa. 466, 13 A.
2d 29. But no recent case has sustained the grant to
an Authority (or to a school board or to any similar
agency, body or instrumentality) of an unlimited right
or power to levy taxes. It is therefore important to
determine more specifically what, if any, taxing powers
are delegated to this Authority by the Municipality
Authorities Act.

Appellant contends that the second proviso of
§4B(s)—notwithstanding the words "And provided
further,"—modifies only the first proviso and not the
prior language of this section, and consequently the
section is invalid since it delegates to an Authority
the power to assess costs and levy taxes *without limita-
tion.* The language of this section of the Act is un-
doubtedly ambiguous.** It is not clear from the words
of the Act (a) whether this section gives the Authority
unlimited power to impose charges or assessments, with

---

* Act of June 24, 1931, P. L. 1206, Art. XXIV, §§2406, 2410, 53
P.S. 19092-2406, 2410; Act of May 1, 1933, P. L. 103, Art. XV,
§§1507, 1511 (as amended), 53 P.S. 19093-1507, 1511.

** It has been clarified by Act No. 374, approved by the Gov-
ernor on September 26, 1951, P. L. ——.

the proviso that such charges shall have the force and effect of a lien if and when approved by the elected township commissioners; or (b) *whether the Authority's power to adopt a plan and to fix the cost of construction,* and to impose charges or assessments or liens against the properties benefited, *are limited and restricted to what is approved and therefore fixed by the commissioners.*

" '. . . we can declare an Act of Assembly void, only when it violates the Constitution clearly, palpably, plainly; . . .' ": *Tranter v. Allegheny County Authority,* 316 Pa. 65, 75, 173 A. 289. Where the meaning of an act is doubtful, and two constructions are reasonably possible, one of which will render the act constitutional and the other unconstitutional, the courts should adopt a construction which renders the statute constitutional: *Fidelity-Philadelphia Trust Co. v. Hines,* 337 Pa. 48, 10 A. 2d 553; *Carr v. Aetna A. & L. Co.,* 263 Pa. 87, 106 A. 107. Reading the act and particularly the entire section in the light of these principles, we construe the second or further proviso to apply to the entire section 4B(s), with the result that the plan of construction of a lateral sewer and the estimated cost thereof must be submitted to and approved by the commissioners (or other elected public officials having the authority to levy taxes and perform municipal functions) and the actual cost of construction cannot exceed the estimated cost as so approved, (a) *in order for the charges or assessments to be valid,* and (b) *in order for them to have the force and effect of a lien.*

Is the (express or implied) delegation of this power to the elected commissioners *in the mode prescribed by the act,* constitutional?

The closest and most analogous case is *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 A. 90. The Court there held that the school code of May 18,

1911,* as amended by the Act of March 12, 1929,** was invalid and was a violation of Article III, §20 of the Constitution, (a) in that the board of school directors *"became a special appointive commission quoad the power to tax"*, and (b) because the delegation to an appointive body of an unlimited power to tax was a violation of the fundamental and exclusive power vested, under our philosophy of constitutional government, in the state or local *elected* legislative body. How sound and unchallengeable this latter ground is, must be evident to all those who recall that "Taxation without representation" was the battle cry that precipitated the Revolution.

Mr. Chief Justice KEPHART, in a comprehensive opinion, reviewed, distinguished and, in effect, overruled many earlier decisions of this Court. Because taxation for local purposes is necessary under our constitutional theory or philosophy of government, and because local governmental units had historically levied taxes prior to the existence of our federal or state government, the Court held that the legislature's delegation of the power to tax to local government bodies *elected* by the people of the locality (such as cities, counties, boroughs and townships) was constitutional; and it also *approved the principle that the delegation merely of details of administration was not a violation of the Constitution or of the fundamental law.*

While it may not be clear whether an Authority or school board or similar appointive instrumentality *with unlimited power of taxation* is a special commission or private corporation under Article III, §20 of the Constitution, it is clear from *Wilson v. Philadelphia School District* and other cases hereinbefore cited, that *neither the legislature nor a local elected munici-*

---

* P. L. 309.
** P. L. 20.

*pal body can delegate to any appointive body the un-
limited power to levy taxes.* However, the right to act
as agent and to perform the necessary administrative
details is delegable: *Moore v. Pittsburgh School Dis-
trict,* 338 Pa. 466, 13 A. 2d 29; *Wilson v. Philadelphia
School District,* 328 Pa. supra. It would seem more
logical and wiser to place *the distinction* between *Wil-
son v. Philadelphia School District,* on the one hand,
and the so-called "Authority" cases and the recent so-
called "school board" cases on the other hand, *solely
upon the delegation or non-delegation of the power to
levy taxes;* and the delegation or non-delegation of the
performance of municipal functions and of the power
to tax in the mode prescribed by the Authorities Act
is the ground upon which we shall base our decision
of the constitutional question here involved.

The Constitution, where it deals with principles in
general language, should receive, in connection with
remedial legislation, a broad construction unless such
construction will violate its clear, plain language or
will substantially curtail, impair or annul the unalien-
able rights of man which are declared and protected
therein. Subject to these limitations, it should be con-
strued in such manner as to give constitutional sanc-
tion and life to the constantly changing conditions and
needs of the people, not only of the horse and buggy
age and the automobile age, but also of the airplane
age, and the atomic age. This does not mean that the
language of the Constitution, when clear, can be ig-
nored in favor of what the courts or the advocates of
a new plan or a new policy or a new agency zealously
or blindly believe is within its spirit. It does mean
that subject to the aforesaid limitations, the Constitu-
tion should be given a broad construction in accordance
with reason and common sense, taking into considera-
tion the subject matter, the remedial objectives of the
statute and the times in which we live.

In the light of the foregoing principles, we hold that the Municipality Authorities Act of 1945, as amended, (1) does not delegate the taxing power or the performance of municipal functions to an Authority created thereunder; (2) that the plan for a sewer and the cost of construction and the liening thereof determined initially by an Authority is valid only if and when approved by the elected commissioners; and (3) that the imposition of charges and the liening thereof by the elected public officials in the mode prescribed by the Act, does not violate Article III, §20 of the Constitution of Pennsylvania.

Decree affirmed; each party to bear her or its respective costs.