## Fiduciary Investments

FREDERICK G. ANTOUN, Deputy Attorney General, and DAVID STAHL, Attorney General, December 11, 1962.—You have asked to be advised whether the expanded definition of "corporation" in the 1961 amendment of section 6 of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, changes the law with respect to investments in bonds of municipal authorities by State bank and trust companies or trust companies for the benefit of fiduciary accounts.

You specifically raise the following questions:

1. Are investments of "legal"[1] fiduciary funds in bonds of municipal authorities organized under the law of Pennsylvania now governed or affected by section 6 of the Fiduciaries Investment Act of 1949, as amended in 1961?[2]

2. Are investments of "legal" fiduciary funds in bonds of municipal authorities organized under the law of other States of the United States now authorized by the amended section 6 of the Fiduciaries Investment Act of 1949, so as to permit investment in their bonds by Pennsylvania trustees of "legal" accounts?

3. What effect, if any, does the new wording of section 6 of the Fiduciaries Investment Act of 1949 have upon subsection (3) of section 5 of the act, which still purports to limit Pennsylvania fiduciaries of "legal" accounts wishing to invest in municipal authorities to the purchase of the bonds of Pennsylvania

---

[1] "Legal" fiduciary accounts apply to those situations where fiduciaries are not operating under trust instruments granting discretion to purchase municipal authority obligations, and where, accordingly, such investments are governed by the Fiduciaries Investment Act of 1949.

[2] Section 6 contains the so-called "prudent man" investment standard.

municipal authorities and subjects such purchases to other restrictions?

Prior to 1961, section 6 of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, 20 PS §821.6, provided:

"Any fixed interest-bearing obligation, including bonds, notes, debentures, and cartrust certificates, issued, guaranteed, or assumed by, a corporation organized under the laws of the United States, of any commonwealth or state thereof, or of the District of Columbia, shall be an authorized investment if—

"(1) purchased in the exercise of that degree of judgment and care, under the circumstances then prevailing, which men of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income to be derived therefrom as well as the probable safety of their capital; . . .

" 'Corporation' as used in this section shall include a voluntary association, a joint-stock association or company, a business trust, a Massachusetts trust, a common-law trust, and any other organization organized and existing for any lawful purpose and which, like a corporation, continues to exist notwithstanding changes in the personnel of its members or participants, and conducts its affairs through a committee, a board, or some other group acting in a representative capacity."

The 1961 amendment added to the definition of "corporation" the words "a municipal or quasi-municipal corporation by whatever name called".

Standing alone, bonds of municipal authorities would appear to be covered by section 6 regardless of the 1961 change. A municipal authority is a corporation (Evans v. West Norriton Township Municipal Authority, 370

Pa. 150, 87A. 2d 474 (1952) ), and the expanded definition of "corporation" in section 6 covers organizations which are not usually thought of as corporations.

Looking at the entire stature, however, section 6 is not controlling because section 5, subsec. (3), of the 1949 Act *specifically* provides for investment in Pennsylvania municipal authority bonds which meet certain tests relating to revenue ratios and other financial standards. The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 63, 46 PS §563, provides that when there is present in the law a general provision and a special provision, the special shall prevail and shall be construed as an exception to the general provision. Thus, because of the specific provisions of section 5, subsec. (3), bonds of municipal authorities, State or out-of-State, were considered as excepted from the general provisions of section 6.

The 1961 amendment of section 6, the Act of September 28, 1961, P. L. 1720, sec. 1, did not, in our opinion, change this situation. As previously indicated, the amendment specifically included in the definition of "corporation" the words "a municipal or quasi-municipal corporation by whatever name called". As we have seen, the original act, standing alone, was broad enough to have covered municipal authorities. Furthermore, a municipal authority is not a "municipal or quasi-municipal corporation"—it is a corporate agency of the State, not the child of a municipality. See Simon Appeal, 408 Pa. 464, 467, 470 (1962), and cases there cited.

If, for the purpose of discussion, we assume that the term "quasi-municipal corporation" does include a municipal authority, then investment in out-of-State municipal authority securities would be allowed under section 6. But the restrictions imposed by section 5, subsec. (3), of the 1949 Act would still govern investments in bonds of *Pennsylvania* municipal authorities.

It would indeed be a strained statutory interpretation to hold that the inclusion of municipal authorities within the term quasi-municipal corporation under section 6 impliedly repeals the strict standards previously established for Pennsylvania municipal authority investments. Thus we would be faced with the alternative result that out-of-State municipal authority investments would be subject to the standards of a prudent man while Pennsylvania municipal authority investments would still be subject to the stricter tests relating to revenue ratios,[3] a result which is not supportable.

It is our opinion, therefore, and you are accordingly advised that:

1. Investments of "legal" fiduciary funds in bonds of municipal authorities organized under the laws of Pennsylvania are not authorized under section 6 of the Fiduciaries Investment Act of 1949, as amended.

2. Investments of "legal" fiduciary funds in bonds of municipal authorities organized under the laws of other States of the United States are not permitted by the amended section 6 of the Fiduciaries Investment Act of 1949.

3. Section 5, subsec. (3), of the Fiduciaries Investment Act of 1949, establishing standards governing investments in Pennsylvania municipal authority bonds, remains in full force and effect, and is in no way modified by the 1961 amendment of section 6 of that act.

---

[3] Section 5, subsec. (3), of the Act of May 26, 1949, P. L. 1828, as amended August 19, 1953, P. L. 1154, authorizes investments in the bonds of Pennsylvania municipal authorities ". . . if the obligations are not in default and if the project . . . is under lease . . . or subject to a service contract . . . pursuant to which the authority will receive lease rentals or service charges available for fixed charges on the obligations, which will average not less than one and one-fifth times the average annual fixed charges of such obligations over the life thereof . . .".