Rettig, Appellant, *v.* Board of County Commissioners.

Argued November 23, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Carmen V. Marinaro,* for appellants.

*Norman D. Jaffe,* County Solicitor, for Board of Commissioners, appellee.

*Edward Friedman,* Attorney General, and *John P. McCord,* Deputy Attorney General, with them *David S.*

*Dickey,* Deputy Attorney General, for Commonwealth, intervenor, appellee.

OPINION BY MR. JUSTICE COHEN, April 18, 1967:

This is an appeal from a decree of the Court of Common Pleas of Butler County upholding the constitutionality of the Community College Act of 1963, Act of August 24, 1963, P. L. 1132, as amended, 24 P.S. §§5202-5214. Appellants' basic contention is that the Act violates Article III, §20 of the Pennsylvania Constitution. That section states: "The General Assembly shall not delegate to any special commission, private corporation or association any power to make, supervise or interfere with any municipal improvement, money, property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever." As originally enacted, the Community College Act provided that a local school district or a city, borough, town, township or county or any combination of these could sponsor a plan for the establishment or operation of a community college and submit it to the State Board of Education for approval. After receiving approval, the sponsor's governing body (board of school directors, city council, township commissioners or supervisors, or county commissioners) was to appoint a board of trustees to administer the affairs of the college.

Among the statutory powers delegated to the board of trustees was the following: "(b) Contracts shall be entered into and other acts shall be done by the board of trustees of a community college and shall be binding upon the local sponsor. . . ." Act of August 24, 1963, P. L. 1132, §6(b). In *Peters v. Parkhouse,* 36 Pa. D. & C. 2d 527 (1965), the Court of Common Pleas of Montgomery County declared the Act unconstitutional on the ground that the above statutory provision, in giving to the board of trustees an unlimited power to incur debts

binding upon the sponsor, indirectly delegated the power to tax to the board and thus violated Article III, §20, of the Constitution.

Section 6(b) was promptly amended at the 1965 Session of the General Assembly. Section 2 of the amending Act of October 26, 1965, P. L. 651, rewrote this provision so that it now reads in relevant part: "Contracts shall be entered into and other acts shall be done by the board of trustees of a community college in the name of the community college. The board of trustees shall submit an annual budget for consideration and approval by the local sponsor. The board of trustees shall supervise the expenditure of appropriations made by the local sponsor and shall conduct the business affairs of the community college in accordance with rules, regulations and procedures approved by the local sponsor. . . ." 24 P.S. §5206(b).

Appellants here press their contention of unconstitutionality despite the amendment. They argue that the amendment cannot be retroactively applied to validate a statute otherwise invalid by reason of an absence of legislative power to enact the law. This argument is beside the point. The legislative power to provide for a system of community colleges is clear; only its delegation of authority in one aspect of so doing is at issue. The 1965 amendment is curative legislation designed to erase a supposed defect in the Act and, as such, must be recognized as within the legislative competence. *Kennedy v. Meyer,* 259 Pa. 306, 103 Atl. 44 (1918). No actual unconstitutional action is alleged to have been taken by the trustees. Therefore, we must consider whether the Act, as amended, now conforms to constitutional requirements.

The chief purpose of Article III, §20, was succinctly stated by us in *Tranter v. Allegheny County Authority,* 316 Pa. 65, 173 Atl. 289 (1934) : "The separation of the power to incur debts from the duty of pro-

viding for their payment by taxation, produced the principal mischief complained of and which it was sought to prevent." 316 Pa. 65, 78, 173 Atl. 289, 295.

In *Wilson v. Philadelphia School District*, 328 Pa. 225, 195 Atl. 90 (1937), we held: "The purpose of the provision was to protect against the exercise of the taxing power by officials not subject to the control of the people." 328 Pa. 225, 240, 195 Atl. 90, 99.

Clearly, no direct delegation of the taxing power is made to the board of trustees by the Act. As the court in the *Peters* case pointed out, it was the unlimited and binding power to incur debts, thus indirectly requiring taxes to be levied,[1] that created the problem here. As such, we find no present constitutional impediment in the Act. Section 6(b) now vests all fiscal authority, both the expenditure and raising of funds, in the local sponsor. That the actual administration of the operations of the community college is vested in the board of trustees poses no constitutional issue, *Wilson v. Philadelphia School District*, supra; powers of this nature are frequently vested in other bodies subject to the general and fiscal supervision of a local governing body. Accordingly, we find no violation of Article III, §20, in the Act as now written.

Appellants also argue that the Act violates that part of Article IX, §7, of the Pennsylvania Constitution which forbids a municipality from lending its credit to any corporation, association, institution or individual. We have held that this section applies only to transactions with a purely private enterprise. *McSorley v. Fitzgerald*, 359 Pa. 264, 59 A. 2d 142 (1948);

---

[1] In view of the 1965 amendment, we refrain from commenting further on the decision in the *Peters* case and the possible effect on the power to incur binding debts of §10 of the Act, limiting the amount of taxes which a local sponsor might impose for community college purposes.

*Belovsky v. Redevelopment Authority of Philadelphia,*
357 Pa. 329, 54 A. 2d 277 (1947). Under the Act,
§2(4), a community college is denominated a public
institution, and the academic and general control exer-
cised over it by the State Board of Education and the
local sponsor confirms this status. No violation of
Article IX, §7, is present.

The decree of the court below is affirmed at appel-
lants' cost.

---

CONCURRING OPINION BY MR. JUSTICE MUSMANNO:

I have but one thought to add to the definitive de-
cision of the Majority, with which I thoroughly con-
cur. I would add only, that it is my view the 1965
Amendment was a comforting bandage to wrap around
the Community College Act of 1963, but that it was
not necessary for any curative or therapeutic effect.
I do not believe that the decision of the Court of Com-
mon Pleas of Montgomery County in 36 Pa. D. & C.
2d 527, inflicted any fracture to the original Act and
that it was constitutional even in its first language.
Had the decision of the Montgomery County Court
been appealed to this Court, I am satisfied I would
have voted to declare the Act constitutional as it
emerged from the legislative halls.