In Re: Appeal of Anna M. German of Harrisburg, Pennsylvania. Anna M. German, Appellant.
In Re: No. 2 Appeal of Anna M. German, of Harrisburg, Pennsylvania. Anna M. German, Appellant.

Argued September 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

*William H. Naugle,* for appellant.

*Joseph B. Sturgis* and *Francis B. Haas, Jr.,* with them *Saul, Ewing, Remick & Saul; McNees, Wallace & Nurick; James W. Reynolds; Reynolds, Bihl & Schaffner; Louis J. Adler,* City Solicitor; and *Nathan H. Waters, Jr.,* Assistant City Solicitor, for appellees.

OPINION BY JUDGE ROGERS, October 26, 1976:

Anna M. German has filed two appeals in this Court. The first, to No. 357 Commonwealth Docket 1976, attacks an ordinance enacted by the City of Harrisburg on February 18, 1976, approving an agreement earlier proposed to be entered into by the City with other parties in connection with a multi-million dollar development of portions of downtown Harrisburg. The second, to No. 387 Commonwealth Docket 1976, is from the action of the Department of Community Affairs of the Commonwealth of Pennsylvania made March 4, 1976, approving a lease rental agreement entered into among the parties to the agreement which was the subject of the ordinance attacked in German's first appeal.[1]

The pleadings in both of the cases still before us consist of German's appeal petitions, answers by the City of Harrisburg, the Redevelopment Authority of the City of Harrisburg and Harristown Development Corporation. The respondents have now filed motions for summary judgments pursuant to Pa. R.C.P. No. 1035, and those motions with respect to both of German's appeals were consolidated for argument and disposition. The pleadings are closed; and we agree with the respondents that there is no genuine issue of any material fact and that summary judgment should be granted in their favor.

German's appeal petitions, the respondents' answers and the records certified to us by the Department of Community Affairs on German's appeal from its order approving the lease rental agreement establish the following facts:

---

[1] One Lorenzo Smith also appealed (to No. 380 Commonwealth Docket 1976), but this appeal was dismissed for lack of prosecution on September 1, 1976, seven days prior to argument of the German appeals.

On October 14, 1975, the City entered into an agreement with the Redevelopment Authority of the City of Harrisburg (Authority) and Harristown Development Corporation (HDC) providing for the implementation of an urban renewal plan in the City. The agreement provided for the conveyance by the Authority to the City of certain real estate; for the lease of this real estate to the HDC; for the appointment of HDC as redeveloper; for the construction by HDC of a building complex, including office, parking and commercial structures for lease, some portions to the State of Pennsylvania and others to the Bell Telephone Company of Pennsylvania; for the construction by HDC on another site of a second office building for lease to the Commonwealth; for the construction by HDC of parking facilities related to just described portions of the project; for the provision by HDC of parks, walkways and other public facilities; for the payment by the City to the Authority and HDC of service charges for public services provided by HDC and the Authority and for the assignment of such service charges by the Authority to HDC; and for other matters not necessary here to detail.

It was understood and agreed that the provision in the agreement with respect to the service charges to be paid by the City and other provisions of the agreement which involved the possible incurrence of debt by the City were and could not be effective until compliance by the City with the Local Government Unit Debt Act, Act of July 12, 1972, P.L. 781, *as amended,* 53 P.S. §6780-1 et seq.

The City's ordinance of February 18, 1976 authorized the City to enter into a service agreement with the Authority and HDC in connection with the issuance by HDC of $108,500,000 Bonds, of which $34,415,000 constituted "lease rental debt" of the City as defined in Section 102(a)(4) of the Local Govern-

ment Unit Debt Act, 53 P.S. §6780-2(a)(4), and therefore subject to approval by the Department of Community Affairs pursuant to Section 411(b), 53 P.S. §6780-161(b), and Section 801, 53 P.S. §6780-351 of the Act. This amount of lease rental debt consisted of monies the City might have to pay HDC and the Authority in case Bell Telephone failed to pay rent for any reason, plus an amount equal to the debt service payable by HDC on Bonds issued to finance parking facilities in case the amount the Commonwealth agreed to pay, plus revenues did not equal the amount of debt service monies needed. Of the $34,-415,000 of "lease rental debt" $18,320,000 related to Bell's obligation and $16,095,000 to parking revenues.

All of the Bonds are general obligations of HDC secured by the pledge of lease rentals, parking resources and by service charges payable by the City if that contingency should arise. The Bonds are not debts or obligations of the City, Commonwealth or Bell.

German's attacks on the validity of the City's action in adopting the ordinance implementing the redevelopment project and creating lease rental debt, and of the Department of Community Affair's approval of the agreement whereby that debt was created are numerous and somewhat difficult to follow. None has merit and we will grant the respondents' several motions for summary judgment.

German's two first contentions are of a procedural and technical nature and may and should be disposed of briefly. She first contends that we may not grant summary judgment in her appeal from the Department of Community Affair's order because Commonwealth Court Rule 119 provides that the practice and procedure prescribed by the Pennsylvania Rules of Civil Procedure applies only to matters in our original jurisdiction and that her appeal from the De-

partment of Community Affair's order is not in our original jurisdiction. She seems to proceed from this point to the conclusion that since we consolidated her appeal from the Department's order with her action seeking to enjoin the City from enforcing the service agreement,[2] in neither case can we entertain a motion for summary judgment under Pa. R.C.P. No. 1035. It is not necessary for us to sort out the logic of this argument because new Pa. R.A.P. 1517 provides that the practice in our Court in cases involving judicial review of governmental determinations shall be in accordance with appropriate Pennsylvania Rules of Civil Procedure "so far as they may be applied." Since both actions instituted by German involve governmental determinations, Pa. R.C.P. No. 1035 may be applied to both.

German's other technical argument is that the City's ordinance approving the lease agreement was not properly advertised pursuant to Section 103 of the Local Government Unit Debt Act, 53 P.S. §6780-3.

A pertinent portion of the statute reads as follows:

> Notwithstanding any other law to the contrary, an ordinance required to be adopted by this act shall be advertised not less than three nor more than thirty days prior to its enactment. The advertisement shall appear once in a newspaper of general circulation, published or circulating in the area of the local government unit, shall set forth a summary of the contents of the ordinance and shall state that a copy of the full proposed text thereof may be examined by any citizen in the

---

[2] German captioned this action an appeal. Her argument now apparently is that it is actually an action in equity in our original jurisdiction.

office of the secretary of the local government unit at the address and during the reasonable hours stated in such advertisement.

The facts are that a summary of the ordinance was advertised on February 14, 1976, more than three days prior to its enactment on February 18, 1976. German states, however, that other enactments, not specified in her brief, require three readings in the enactment of an ordinance and that the three days notice should have appeared before the first reading. German's contention in this regard is without merit, not only because the first reading of an ordinance is not the date of its enactment but for the further reason that the last sentence of Section 103, 53 P.S. §6780-3 (not quoted above) reads, "[n]o other or different publication shall be required notwithstanding the provisions of any other law."

German's primary substantive argument is that the agreement is invalid because its purpose is primarily to serve a private rather than a public purpose, citing, as is usual when this contention is made, *Price v. Philadelphia Parking Authority*, 422 Pa. 317, 221 A.2d 138 (1966). It is therefore necessary for us once again to repeat that in *Price* the Authority condemned private property for no other purpose than to lease it for development to a private commercial enterprise which would derive substantial profits in the transaction. Here the developer, HDC, is a nonprofit corporation organized under the Nonprofit Corporation Law of 1972, 15 Pa. C.S. 7301 et seq., the members of whose Board of Directors are persons representing the City, the Commonwealth, Dauphin County and other purely public interests. The purpose of this project, a purpose described in HDC's Articles of Incorporation, is the redevelopment of notoriously blighted portions of downtown Harrisburg, located at the doorstep of the State Capitol. A

reading of *Campbell v. The Bethlehem Parking Authority*, 20 Pa. Commonwealth Ct. 445, 342 A.2d 114 (1975), where we dealt with an argument based on *Price, supra,* identical to that here, may be instructive.

German also contends that the City by agreeing to service charges in the event that Bell does not pay rent and under certain other, what appears to us to be unlikely, circumstances, has loaned its credit to HDC in violation of Article IX, Section 9 of the Pennsylvania Constitution. Our Supreme Court has clearly held that this constitutional provision applies only to transactions with purely private enterprises. *Rettig v. Board of County Commissioners,* 425 Pa. 274, 228 A.2d 747 (1967); *Belovsky v. Redevelopment Authority of the City of Philadelphia,* 357 Pa. 329, 54 A.2d 277 (1947). "The thought [behind Article IX, Section 9] was not to prevent the municipal corporation from entering into engagements to carry out a proper governmental purpose, though the incurring of indebtedness results." *Downing v. Erie School District,* 297 Pa. 474, 480, 147 A. 239, 240 (1929).

HDC is not a private enterprise as German contends. The Harristown Project in which it is, with the City, the Authority, the Commonwealth and Bell engaged, is a proper and needed public enterprise. Further, Section 102(c)(1), 53 P.S. §6780-2(c)[1] of the Act, defines an Authority, *inter alia,* as a "nonprofit corporation organized under any law of the Commonwealth. . . ." The Local Government Unit Debt Act deals with the debt of local government units and includes as such debt the bonds and notes of nonprofit corporations, which by lease or other means may become the obligations of a local governing body, in this case the City.

German correctly states that the Bonds being issued by HDC are titled "Revenue Bonds" without the precedent word "guaranteed" and that such Bonds must be payable solely from user charges, rates, revenues, rentals, fees, special assessments and receipts pledged for the purpose, citing Section 102(c)(13), 53 P.S. §6780-2(c)(13) of the Act. HDC's Bonds are payable solely from user charges and rentals. We are unable to read the section as meaning that "Revenue Bonds" are only such as are to be repaid from sewerage and water rents, as German would have us do.

German's fundamental complaint is that $34,415,-000 of HDC's bonded debt is actually the debt of the City which with other debt exceeds the City's nonelectoral debt limitation under the Local Government Unit Debt Act. It is without merit. The Bonds are general obligations of HDC. The City's obligations are limited to the provisions of the service agreement. Since, as previously stated, HDC qualifies as an "Authority" under the Act, the City's agreement is merely "lease rental debt" within the meaning of Section 102(a)(4) of the Act, 53 P.S. §6780-2(a)(4):

> 'Lease rental debt' means the principal amount of *authority bonds* or notes . . . to be repaid from payments of the local government unit made pursuant to leases, subsidy contract or other forms of guarantee where such payments are or may be made out of the tax and other general revenues of a local government unit under leases or other agreements *which evidence the acquisition of capital assets.* (Emphasis added.)

The City's obligations pursuant to the service agreement have been properly approved by the Department pursuant to Sections 206 and 804 of the Act, 53 P.S. §§6780-56, 6780-354. Said approval affirmed that

this was a "lease rental debt" and therefore "self-liquidating" within the meaning of Section 102(b)(1) of the Act, 53 P.S. §6780-2 (b)(1). Upon such approval, the "lease rental debt" was properly excludable in determining the debt limitation of the City. Section 202(c) of the Act, 53 P.S. §6780-51(c). The Department's approval was proper. All statutory procedures were meticulously followed by the parties and the Act's requirement in the case of lease rental debts that the City acquire capital assets is satisfied by the agreement that the City will have record title to all improvements and construction to be made in connection with the money to be raised and that its title will be without encumbrance upon repayment of $34,415,000[3] of HDC's Bonds.

We think that we have dealt with all of German's arguments which merit exposition. Because we may have failed to touch upon some argument made in passing in her brief does not mean that it has not been considered.[4]

Accordingly, we enter the following:

ORDER

AND NOW, this 26th day of October, 1976, it is ordered that the motions for summary judgment of the City of Harrisburg, The Redevelopment Author-

---

[3] See Section 104 of the Act, 53 P.S. §6780-4, for guidelines as to when the lease or other agreement evidences acquisition of capital assets.

[4] One such is the wholly untenable contention that the fact that HDC's Articles of Incorporation are executed by one individual constitutes proof that HDC is a purely private enterprise. Section 7312 of the Nonprofit Corporation Law of 1972, as amended, 15 Pa. S. 7312, authorizes one person to act as incorporator. The names of the initial directors of HDC appear in the record elsewhere and most are immediately recognizable as those of persons holding State, County and City offices.

ity of the City of Harrisburg and Harristown Development Corporation, be and they hereby are granted and judgments entered in favor of all respondents and against the plaintiff in both actions before us, being No. 357 C.D. 1976 and No. 387 C.D. 1976.