Phoenixville Borough, Appellant, *v.* Phoenixville School District.

Argued May 3, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William J. C. O'Donnell,* for appellant.

*D. Clarke Sautter,* with him *Fred W. Deininger* and *Joseph G. McKeone,* for appellees.

OPINION PER CURIAM, May 24, 1966:

The school districts of the Borough of Phoenixville, Schuylkill Township and East Pikeland Township, all in Chester County, will become a single school district on July 1, 1966, under the provisions of the School Reorganization Act (Act of March 10, 1949, P. L. 30, §303.1(b) added August 8, 1963, P. L. 564, §5, as amended, April 6, 1965, P. L.—No. 17, §1, 24 P.S. §3-303.1(b)). The Act required the incumbent school directors of the several districts to meet in convention on or before January 15, 1966, to select by majority vote an interim operating committee composed of nine incumbent school directors.

On November 11, 1965, the joint board of school directors, comprising all the school directors of all three districts, met and unanimously adopted a motion "that the Board recommend the adoption of the (above) six rules at the beginning of the Convention to be held on January 5, 1966." Those rules, inter alia, were as follows: "1. The nine directors are to be proportioned on a 4-3-2 basis with Phoenixville having four members; Schuylkill having three members; and East Pikeland having two members on the Interim Operating Committee. 2. The three directors whose terms will expire in 1969 are to be elected on the first ballot. 3. The three directors elected for the term expiring in 1969 shall be proportioned with one from each of the three districts."

On January 5, 1966, prior to the hour fixed for the convention, the Borough of Phoenixville filed a complaint in equity against all three school districts and all their school directors, seeking a preliminary injunction to prevent them from selecting an interim operat-

ing committee upon any basis which would result in the election, appointment or selection of less than six members of the Board of School Directors of the Borough of Phoenixville as members of that interim operating committee. A rule to show cause was issued, followed by a hearing held on January 7, 1966, at which time the defendants made a motion to dismiss the complaint. The chancellor discharged the rule to show cause but deferred action on and held under advisement the motion to dismiss the complaint.

The Borough of Phoenixville has appealed from the refusal to grant a preliminary injunction. The borough's request for a preliminary injunction was based on the following contentions:

(1) The defendants' agreement in advance of the election to limit Phoenixville representation on the new board to a minority of four members was illegal in that it did not represent proper consideration of the principle of proportionate representation according to population as required by the constitution and specifically demanded by the statute.

(2) The defendants improperly based their consideration on population "estimates" rather than on Federal census data.

A reading of §303.1(b) of the School Reorganization Act of 1963 provides that "In selecting the interim operating committee, the incumbent school directors shall take into consideration the principle of proportionate representation according to population. The decision of the Convention in selecting the Interim Operating Committee shall be final."

It is obvious that the Act does not purport to make population the sole matter for consideration in determining membership on the Interim Operating Committee.

In arriving at their determination here under consideration, the 17 school directors for all three school

districts abided by the statute not only by considering the populations of the three school districts, as shown by the 1960 Federal census, but they also, because of the rapidly changing population figures which made those of 1960 more or less obsolete, considered the comparative population growths and rates of growth in each of the three districts. In addition, they considered the student or pupil population in the three districts, together with the comparative growths and rates of growth of such student or pupil population. Further, they studied and considered market values of real estate and comparative growths and changes in market values of real estate in the three districts.

We agree with the court below in its statement that "The clear trend of pupil enrollments and the shifting ratio of real estate market values were not only proper but wise considerations, in addition to mere population figures, in determining the number of directors from each of the individual districts to be selected for membership in the interim operating committee who, ultimately under the Act, would become directors of the merged district. The members of each of the school boards involved made a painstaking analysis of the whole situation and performed faithfully their public duty conformably to the requirements of the Act in determining the 4-3-2 ratio of membership in the interim committee. They gave consideration to the principle of proportionate representation according to population but not to that alone. They were guided by a realistic approach to the problem in the light of past experience and continuing trends of growth and change. In so acting they performed their statutory duty and should not have been enjoined from carrying out their program of 4-3-2 ratio of membership in the interim committee."

Decree affirmed; each party to bear own costs.