Paul A. ELBERTI et al.

v.

Elvin KUNSMAN et al.

Civ. A. No. 39971.

United States District Court
E. D. Pennsylvania.

June 3, 1966.

George M. Brodhead, Donald M. Tucker, Rawle & Henderson, Philadelphia, Pa., John B. McGurl, Pottsville, Pa., for plaintiffs.

W. Alan Williams, Schuylkill Haven, Pa., for defendant Elvin H. Kunsman.

Joseph F. McCloskey, Joseph Holochuck, Pottsville, Pa., for other defendants.

## OPINION

JOHN MORGAN DAVIS, District Judge.

The plaintiffs, citizens of the Borough of Minersville, Schuylkill County, Pennsylvania, have filed this action seeking injunctive relief against the County Superintendent of Schools of Schuylkill County and certain School Directors of the borough of Minersville and the townships of Branch, Cass, Foster, and Reilly, all of Schuylkill County. Jurisdiction is founded on the alleged unconstitutional application of a state statute in violation of the Equal Protection Clause of the Fourteenth Amendment

to the United States Constitution. The plaintiffs also contend that even if the statute is constitutionally valid as applied, the defendants are violating it.

Under the Pennsylvania School Reorganization Act, Pa.Stat.Ann. tit. 24 § 2–202 et seq. procedures and guidelines are set forth for the consolidation and merger of many of the smaller school districts throughout the Commonwealth. In accordance with that statute, the defendant Schuylkill County Superintendent of Schools called into convention all the incumbent school directors of the above districts, which comprise Administrative Unit 63–6, for the purpose of electing an interim operating committee to be composed of nine of their number. The Act states in § 3–303.1(b) that "[i]n selecting [the members of] the interim operating committee, the incumbent school directors shall take into consideration the principle of proportionate representation according to population." Once established, this committee has the full powers of a school board and is to remain in existence until popular elections are held for new school directors, beginning in November 1967.

The convention of school directors elected two directors each from the borough of Minersville and the townships of Branch, Cass and Reilly and one from the township of Foster.

The population figures and relevant data pertaining thereto are as follows:

|  | Population (1960 Census) | Percentage of Total Unit Population | Members Elected | Residents Per Member |
|---|---|---|---|---|
| Branch Township | 1,747 | 13.5 | 2 | 873 |
| Cass Township | 2,939 | 22.7 | 2 | 1469 |
| Foster Township | 590 | 4.6 | 1 | 590 |
| Reilly Township | 1,097 | 8.5 | 2 | 548 |
| Minersville Borough | 6,561 | 50.7 | 2 | 3785 |

There was no evidence presented by the defendants indicating that the Convention considered any other factors such as present or future population trends, the student population, or present or projected market values of real estate in the several old school districts included in this new administrative unit.

I.

■ We find no federal constitutional infirmity in the application of the School Reorganization Act, Pa.Stat.Ann. tit. 24 § 3–303.1(b) to the present case. The Court has thoroughly discussed this exact issue in Pitts et al. v. Kunsman et al., 251 F.Supp. 962 (E.D.Pa.1966) and therefore sees no need to repeat itself here.

II.

■ Since the federal claim, at this point, cannot be said to be "plainly wanting in substance" and the "plaintiff [s'] claims are such that [they] would ordinarily be expected to try them all in one judicial proceeding * * *", the court will exercise its pendent jurisdiction and decide the state question involved. See United Mine Workers v. Gibbs, 86 S.Ct. 1130 (March 28, 1966); Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1938); Taussig v. Wellington Fund, Inc., 313 F.2d 472 (3d Cir. 1963).

By Order of this Court dated April 19, 1966, we specifically retained jurisdiction of the case but refrained from deciding it on the merits pending the decision of the Pennsylvania Supreme Court

interpreting the same statutory language in another action. That case, Borough of Phoenixville v. Phoenixville School District et al., 219 A.2d 690, was decided by the Pennsylvania court on May 24, 1966.

The *Phoenixville* case, supra, involved the consolidation of the school districts of the Borough of Phoenixville and the townships of Schuylkill and East Pikeland in Chester County. The convention of incumbent school directors apportioned the nine seats on the interim operating committee as follows: Four for Phoenixville; three for Schuylkill Township and two for East Pikeland Township. Phoenixville, however, demanded a majority of the seats because it had a majority of the population of the new unit and went to court to seek equitable relief.

The opinion of the trial court [1] indicated that in the 1960 census Phoenixville had 68.7% of the population of the new district while Schuylkill Township had 17.2% and East Pikeland had about 14%.[2] However, the convention found that the estimated percentages for 1966 would be: Phoenixville 62.50%; Schuylkill Township 22.41%; East Pikeland 15.90%.[3]

The opinion also relates that the convention had considered population trends in the last few years. They indicated that the proportion of Phoenixville students in the Consolidated district was growing less each year so that by 1965 it had only 50.10% of the enrolled pupils.

In addition, the convention considered fair market value of the real estate in each of the three municipalities. Here again, the trend was toward a reduced proportion for the Borough of Phoenixville. In 1957, this district had 71.62% of the total market value of the real estate but by 1964 it had fallen to 54.25% and the estimate for 1966 was 50%.

The Supreme Court of Pennsylvania upheld the present apportionment of seats on the interim operating committee. It stated that the § 3–303.1(a) of the School Reorganization Act does not make population the sole consideration in the selection of the Committee. It went on to emphasize that the convention was not bound by the 1960 census but that it was perfectly proper for it to consider and follow population trends, real estate values, student population, and projected growth rate of each component part of the new school district.

■■ The case presently before this court is not at all analogous to the *Phoenixville* decision. Here, there is absolutely no evidence that any of these factors mentioned by the Pennsylvania Supreme Court were considered and used as a basis for the apportionment of the seats on the interim operating committee. From the census figures, Minersville has slightly over 50.% of the population and is entitled to at least four seats on the committee. See Pitts et al. v. Kunsman et al., supra.

The present case is not one where the convention of incumbent school directors considered population along with other legitimate factors. Rather, it is a situation where the convention ignored the mandate of the statute requiring it "to take into consideration the principle of proportionate representation according to population." Without other evidence before us as having been considered and used in the selection of the interim operating committee, the population factor must be determinative.

Such a palpable disregard of the statute denying the people of Minersville its proper voice in school affairs works irreparable harm and gives rise to equitable relief.

### III.

One final word should be said about the doctrine of abstention which was

---

1. Borough of Phoenixville v. Phoenixville School District, Ct. of Common Pleas of Chester County, No. 1802-In Equity (Feb. 17, 1966).

2. The percentages listed by the state trial court apparently do not add up to 100%.

3. Id.

fully discussed in Pitts et al. v. Kunsman et al., supra. We again feel bound to exercise our discretion to decide the state question involved. Time is moving on and if the school authorities are going to plan for an adequate consolidated school system for the fall, preparation must commence very soon. We will take judicial notice that there are various state statutory and procedural requirements making it mandatory to plan for taxes and other items now if there are going to be sufficient revenues and facilities in September.

As we said in Pitts et al. v. Kunsman et al., we will not exercise our discretion to work harm on the school children of Schuylkill County.

## ORDER

And now, this 3rd day of June, 1966 the defendants composing the presently constituted interim operating committee are hereby enjoined until further Order of Court from any action with regard to school affairs of Administrative unit 63–6 of Schuylkill County except for absolutely necessary administrative acts but these in no way include the levying and assessing of taxes.

It is further ordered that the defendant County Superintendent of Schools of Schuylkill County, Pennsylvania call into convention within 15 days the incumbent School Directors within Administrative Unit 63–6.

It is further ordered that the several defendant incumbent school directors shall assemble into convention at the call of the defendant county Superintendent of Schools and shall select a new interim operating committee. In doing so they "shall take into consideration the principle of proportionate representation according to population" in a manner not inconsistent with this Opinion.

It is further ordered that the defendant County Superintendent of Schools of Schuylkill County shall submit to this court the results of the election of a new interim operating committee within five days after the election is held. If composition of the new interim operating committee fails to conform to the statute as interpreted by this court, the court shall on its own initiative determine the number of representatives to be selected from each of the old districts.