Montella, Appellant, *v.* Camillo.

200

Argued January 11, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Robert F. Jackson,* for appellant.

*Melvin G. Levy,* with him *McClenachan, Blumberg
& Levy,* for appellees.

*John P. McCord* and *Edwin W. Tompkins,* Deputy
Attorneys General, and *Edward Friedman,* Attorney
General, for Commonwealth, intervenor, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 18, 1967:

This is the fourth case which has come before this Court recently involving the Act of August 8, 1963, P. L. 564, and the Act of April 26, 1965, P. L. 20, each of which amends and/or supplements the Public School Code of 1949, Act of March 10, 1949, P. L. 30, §101 et seq. These amendatory Acts provide, in pertinent part,* for the consolidation and reorganization of school districts into larger school units in order to achieve improved education, better administration and other worthwhile public purposes.

Plaintiffs-appellants are citizens of and taxpayers in Marcus Hook. Defendants-appellees are members of an Interim Operating Committee elected pursuant to the aforesaid Acts as directors of a new enlarged and consolidated school district which is to embrace the former school district of Marcus Hook and three other school districts. Appellants brought a class action in equity for themselves and on behalf of other taxpayers in Marcus Hook to restrain defendants as members of the aforesaid Committee from levying and collecting taxes from the appellants and from other citizens similarly affected, and from incurring any debt or expending any public funds.

Most pertinently the present suit involves the alleged malapportionment and inadequate representation of citizens of Marcus Hook in the Interim Operating Committee, as well as the alleged unconstitutionality of the aforesaid Acts. Appellants contend that as a result thereof they have been deprived of Federal and State Constitutional rights. This contention is surprising in view of the fact that we have recently (1) reviewed and rejected all of the contentions made herein by these appellants and (2) have sustained the Constitutionality of the 1963 and 1965 Amendments to the Public School Code.

---

* See 24 P.S. §§3-302, 303, and 303.1.

As to the alleged inadequate representation on the Interim Operating Committee of citizens of the former school district of Marcus Hook, this Court decided in *Uniontown School District v. Marclay Union School District*, 423 Pa. 330, 223 A. 2d 710, that the Act of the convention electing the Committee was "final" and not reviewable by the Court of Common Pleas, nor have taxpayers or other citizens any Constitutional or other right to proportionate representation on school boards. *Minsinger v. Rau*, 236 Pa. 327, 331, 84 Atl. 902; *Pitts v. Kunsman*, 251 F. Supp. 962 (E.D. Pa.) (involving the legislation now before us).

Appellants contend that the legislation in question violates Article III, §20, of the Constitution, which denies the Legislature the right to delegate to any "special commission", inter alia, the power "to levy taxes or perform any municipal function whatever." We are satisfied that there has been no violation of Article III, §20. See *Tranter v. Allegheny County Authority*, 316 Pa. 65, 173 Atl. 289; and *Evans v. West Norriton Township Municipal Authority*, 370 Pa. 150, 87 A. 2d 474.

Appellants also contend that they are deprived of their property without due process of law because, as citizens in the new consolidated school district, they will have to assume part of the bonded indebtedness to which other constituent members of the new school district were solely and fully liable, prior to the consolidation. This Court specifically rejected any such contention in *Driskel v. O'Connor*, 339 Pa. 556, 15 A. 2d 366, and cases cited therein.

Lastly, appellants argue that the legislation under consideration is invalid and unconstitutional because the Legislature which enacted it was malapportioned. This argument was answered and rejected in *Butcher v. Bloom*, 415 Pa. 438, 203 A. 2d 556.

We find no merit in any of appellants' contentions.

Decree affirmed; each party to pay own costs.