Schofield *v.* Donato, Appellant.
Hermann *v.* Springfield Township School
Board, Appellant.

Argued September 26, 1967.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

436

*D. Barry Gibbons,* with him *Reed, Gibbons & Buckley,* and *William C. Sennett,* Attorney General, with him *Edward Friedman,* Counsel General, for appellants.

*Donald W. Lehrkinder,* with him *Lehrkinder & Gillingham,* for school board, appellant.

*Joseph A. Damico, Jr.,* with him *Chadwick, Petrikin, Ginsburg and Wellman,* for appellees.

*Harold E. Craig, Andrew L. Herster, Jr., Robert K. Young, Francis B. Haas, Jr., Nathan W. Stuart,* and *Gross & Herster,* and *Wiener & Young,* and *McNees, Wallace & Nurick,* and *Stuart, Murphy, Hager & Smith,* for amici curiae.

OPINION BY MR. JUSTICE COHEN, April 16, 1968:

These appeals involve a further attack upon activities taken under the Act of August 24, 1963, P..L. 1132,

as amended, the "Community College Act of 1963."[1]
Here, certain citizens and taxpayers of Delaware County have sought to enjoin the designated Board of Trustees of the Community College of Delaware County and the Board of School Directors of Springfield Township, Delaware County (one of the sponsors of the Community College) from proceeding with the establishment of the Community College in that county.

In Delaware County the Community College was formed by twenty-one school districts each of which passed resolutions authorizing the enacting district to be a local sponsor of the college and approving a joint agreement and plan of sponsorship for the college. The State Board of Education subsequently approved the sponsorship, and the local sponsors then elected a board of trustees.

Under the agreement entered into by and among the twenty-one school districts the annual budget submitted to them as the "local sponsor" is approved if adopted by two-thirds of these school boards (voting separately) and by a majority of all of the school directors of all the boards. The agreement also provided that it was to remain in effect until all obligations incurred by the various boards or any authority in financing capital expenditures were paid in full; thereafter, it could be extended by agreement of the parties.

The present controversy centers upon the budget approval procedure outlined above. In sustaining the plaintiffs' contention in this regard, the lower court noted our decision in *Rettig,* supra, in which we sustained the Community College Act's fiscal provisions against an attack based upon Article III, §20, of the State Constitution. That provision forbids separation

---

[1] We recently upheld provisions of the same Act in *Rettig v. Board of County Commissioners,* 425 Pa. 274, 228 A. 2d 747 (1967).

438

of the power to incur debts from the power to tax; and, as we pointed out in the *Rettig* case, the provisions of §6(b) of the Act were in conformity with this rule because they vested fiscal authority in the local sponsor, not in the board of trustees. In that case the local sponsor was the Board of County Commissioners of Butler County. Here, however, it is twenty-one school districts; and in this difference lies the problem.

The court below referred to §6(b) of the Act and noted that it provided no specific guide for approval of a budget by the local sponsor, that is, whether each school district comprising the "local sponsor" had to approve or whether a majority of such districts was sufficient. Holding that the latter conclusion would cause the Act to violate Article III, §20 (because school districts voting against a budget could still be bound by the adopted budget), the lower court held that §6(b) requires each school district comprising the local sponsor to approve the budget.

This conclusion inevitably led the court to strike down the Delaware County arrangement since the sponsorship agreement itself provided for budget approval by fewer than all (i.e., two-thirds) of the sponsoring school districts. While the court invalidated the agreement on the ground that it violated the constitutional provision, it could more properly have held that the agreement violated the statute in view of the court's interpretation of the statute.

In addition to this, the court held that the sponsorship agreement violated the general requirements of the Public School Code of 1949 in that it did not require that each sponsoring district be guaranteed a proportionate number of the total students in the Community College. Only with this guarantee, said the court, can a school district levy taxes and provide for a public school system for the taxpayer of the district.

We turn, first, to the Community College Act itself. It is clear under §2 of the Act that a local sponsor may be a combination of school districts because this section specifically so states. The Act, §4, also requires the board of school directors of each school district participating as a member of the local sponsor to approve the community college plan for the community involved. It is obvious that the local sponsor is a well-defined body composed of nothing but elected officials banding together for a common, legislatively-authorized purpose. We have on prior occasion pointed out that the constitutional language of Article III, §20—"special commission, private corporation or association"—was designed to eliminate the use of truly private, appointed agencies formed to provide some municipal (or state) function and requiring the municipality (or state) to pay for it. *Tranter v. Allegheny County Authority*, 316 Pa. 65, 173 Atl. 289 (1934). This is not the case here.

A similar question has been dealt with by us already in the case of joint school districts formed under the Public School Code of 1949, Act of March 10, 1949, P. L. 30, §1704, as amended, 24 P.S. §17-1704. This section of the code specifically provides that in a jointure situation matters are to be decided by a vote of two-thirds of the constituent boards by a majority of all the directors of all the boards. We have upheld this procedure against constitutional attack. *Slippery Rock Area Joint School System v. Franklin Twp. School District*, 389 Pa. 435, 133 A. 2d 848 (1957); *Hunlock Twp. School District v. Northwest Joint School District of Luzerne County*, 380 Pa. 464, 111 A. 2d 452 (1955). In fact, we dismissed the argument that the joint school board procedure violated Article III, §20 by stating (in the *Slippery Rock* case) that such an argument was entirely lacking in merit.

In addition, it is quite clear that, under §10 of the Act, the General Assembly has established the maximum limits of taxation which may be imposed by a local sponsor or a constituent member thereof. This reason also removes the present operation from the prohibition of Article III, §20. See *Moore v. Pittsburgh School District*, 338 Pa. 466, 13 A. 2d 29 (1940).

Having disposed of this primary issue, we move to the other points. Although the lower court found the agreement invalid for failing to require an apportionment of the student body among the sponsoring districts in relation to the contributions of each district, we fail to see any merit at all in this conclusion. Even if the Public School Code of 1949 permits a school district to levy taxes for the establishment and operation of public schools in the district, it does not apply to the creation and administration of a community college by the district, alone or with others. The Community College Act governs, and neither it nor any other applicable statute requires such proportionate distribution of students among sponsoring districts. It is sufficient that the college be created for the benefit of the community in question subject to reasonable admission standards; no more is required.

Finally, the plaintiffs-taxpayers argue that the agreement is invalid in not providing for a termination date of no more than thirty years as provided by §6(c) of the Act. Apparently, the plaintiffs did not raise this issue in the court below since it is not mentioned in the complaint or discussed in either the opinion of the lower court or in the briefs of appellants or amici curiae. This alone is sufficient reason to disregard it. In any event, the argument lacks merit. See *Montella v. Camillo*, 425 Pa. 199, 228 A. 2d 775 (1967).

The decrees of the court below are reversed and the complaint is dismissed. Costs to be borne equally by the parties.