## Hummer v. Board of School Directors of the Wallingford-Swarthmore School District

*Joseph A. Damico,* for plaintiffs.
*Martin R. Lentz,* for defendants.

TOAL, *J.,* March 13, 1985—This case is presently before the court upon preliminary objections filed by defendants the Board of School Directors of the Wallingford-Swarthmore School District and the Wallingford-Swarthmore School District to the class-action complaint filed by plaintiffs.[1] The preliminary objections filed by defendants are in the nature of a demurrer, an objection raising the defense of laches, a petition raising the lack of subject-matter jurisdiction, a petition raising the defense of nonjoinder of a necessary party and a motion for a more specific pleading.

Because we agree with defendants that plaintiffs' complaint fails to state a cause of action, we will sustain defendants' preliminary objection in the nature of a demurrer and find it unnecessary to discuss the other preliminary objections filed by defendants.

---

1. While plaintiffs' complaint is labeled *class action* this case has not been certified as such by the court.

In ruling on a demurrer, the court is guided by our Supreme Court's decision in Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979):

"It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. Conclusions of law and unjustified inferences are not admitted by the pleading. Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the parties to the relief sought. If such is the case, a demurrer may not be sustained. On the other hand, if the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained." Id. at 149-50, 404 A.2d at 673-74. (Citations omitted.)

Applying the Sinn standard, the well and clearly-pleaded material, factual averments and all inferences fairly deducible therefrom which are discernable from plaintiffs' complaint are as follows:

Plaintiffs in this matter are residents and taxpayers in the Borough of Swarthmore, Delaware County, Pa., and within the taxing jurisdiction of the Wallingford-Swarthmore School District (hereinafter Wallingford-Swarthmore). Wallingford-Swarthmore is a reorganized school district consisting of the former Swarthmore-Rutledge Union School District (hereinafter Swarthmore) and the former Wallingford School District (hereinafter Wallingford).[2] The reorganization and merger of

2. The Wallingford component of the current Wallingford-Swarthmore School District was known as the Nether Providence School District, but for clarity will be referred to as Wallingford.

these two school districts occurred in July of 1971. The Board of School Directors of Wallingford-Swarthmore is the *governing body* of the merged school district as that term is defined in 24 P.S. §5202. Each of plaintiffs to this action resides in the area encompassed by the former Swarthmore district.

Prior to the school district reorganization in 1971, Swarthmore had become a sponsor of the Delaware County Community College (hereinafter DCCC). Pursuant to that sponsorship, Swarthmore assumed a continuing obligation to the DCCC for the funding of its capital expenses and operating costs. In July of 1971, at the first meeting of the board of school directors of the newly formed Wallingford-Swarthmore district, the board approved and adopted final budget and taxing resolutions for the district. The taxing resolution included a separate tax in the amount of 3.3 mills on all real property in the area comprising the former Swarthmore district to pay the obligations to DCCC. This tax was separate and apart from all other taxes imposed by the board in the Wallingford-Swarthmore district and was imposed only upon the real property in that area comprising the former Swarthmore district, and not upon the merged Wallingford-Swarthmore district as a whole. In each and every year since 1971, the Wallingford-Swarthmore board has imposed this separate tax upon the real property in the area comprising the former Swarthmore district.

Plaintiffs' complaint is based upon an allegation that defendants lack the authority or power to levy, assess or impose a separate tax only on the real property located in the former Swarthmore district. Plaintiffs contend that under the Reorganization of School District Act of August 8, 1963, P.L. 564, §3, 24 P.S. §2-290 et seq., the indebtedness of the for-

mer Swarthmore district to the DCCC became the indebtedness of the newly formed Wallingford-Swarthmore district and that Wallingford-Swarthmore must tax its entire district in order to meet this expense.

24 P.S. §2-298 provides in pertinent part:

"2-298. Property and indebtedness and rental obligations of former school districts.

"(a) Except as otherwise provided in this section, all real and personal property, indebtedness and rental obligations to an approved school building authority or nonprofit corporation, if any, of former school districts composing any school district constituted and deemed established pursuant to this subdivision (i) shall become the property, indebtedness and rental obligations of such newly established school district. All rights of creditors against any of the component former school districts shall be preserved against the newly established school district. . . ." Subsection (b) of this section is an exception to this general rule consolidating property, debts, and rental obligations. This subsection requires that debts:

"evidenced by funding bonds issued after September 12, 1961 for the purpose of funding unfunded debt contracted for current operating expenses shall continue to be an obligation of the taxable property within such former component school district and any sinking fund created on account of such indebtedness shall remain the separate sinking fund for such bonds . . . ." 24 P.S. §2-298(b).

Additionally, the School Code was supplemented in 1968, so as to provide another exception to the general provision of the School Reorganization Act requiring the consolidation of all debts and assets as follows:

"2400.9 Obligations of former school districts.

"All operating obligations of any component former school district contracted for current operating expenses after June 30, 1966, shall continue to be an obligation of the taxable property within such former component school district. In levying and assessing taxes for the first school year of operation, the interim operating committee, and in levying and assessing such taxes for each subsequent school year, the board of school directors of the newly established school district, shall levy and assess, upon the taxable property within such component former school district, a tax in addition to all other school district taxes, in an amount sufficient to discharge the obligation for operating expenses — probably in a period of 10 years." 24 P.S. §2400.9.

We agree with plaintiffs that the obligations to DCCC, in question here, are not "contracted for current operating expenses" which may be discharged within 10 years, and are not within the purview of §2400.9. Thus, plaintiffs assert that since the obligations of the former Swarthmore district to DCCC do not fit into either of the exceptions cited above, i.e., unfunded bonds or current operating expenses contracted for by component school districts, defendants are required to levy the tax to support Swarthmore's obligation to DCCC upon the entire Wallingford-Swarthmore school district.

While plaintiffs' arguments appear to follow the foregoing analysis of the statutory scheme, an additional fact reasonably inferred from plaintiffs' complaint demonstrates the dilemma involved in this case. Swarthmore's original obligation to the DCCC involved a quid pro quo. The Community College Act of August 24, 1963, P.L. 1132 §1, 24 P.S. §5201, et seq., which provided for the creation and operation of community colleges throughout the Commonwealth, grants a tuition reduction to stu-

dents of the community college who are also residents of the local sponsor of that college. 24 P.S. §5209. The residents of the Wallingford district, which merged with Swarthmore in 1971, chose not to become one of the DCCC's local sponsors. Residents of the former Wallingford district attended, and continue to attend the community college, at a tuition rate considerably higher than that paid by residents of the former Swarthmore district. Thus, the problems in plaintiffs' position become obvious. Should defendants impose a district-wide tax on all the real property located in the Wallingford-Swarthmore district in order to meet the DCCC obligation, the residents of the former Wallingford district would be subject to the tax without the possibility of receiving any benefit.

Defendants, in their memoranda, have suggested a solution to this problem by contending that the Public School Code of 1949, Act of May 10, 1946, P.L. 30, as amended, 24 P.S. §101 and its later amendments and supplements, §2-290 et seq., and §2401.1 et seq., is superseded by the Community College Act of 1963. In support thereof, defendants have directed the court's attention to the cases of Schofield v. Donato, 429 Pa. 435, 240 A.2d 541 (1968), and Community College of Beaver County v. School District of the Borough of Aliquippa, 4 Pa. Commw. 483, 287 A.2d 844 (1972). However, while perhaps instructive in limited areas, we do not find the holdings of these cases dispositive of the issues presented. In Schofield, supra, the Supreme Court held that the method of approving the annual budget submitted to a local sponsor of a community college was governed by a joint agreement entered into between the school districts which passed resolutions authorizing the enacting districts to become members of the community college's local sponsors.

The second issue in Schofield was whether the community colleges were required to apportion their student bodies among the sponsoring districts in relation to the contributions of each district. The court held that the School Code did not apply to that situation and that the Community College Act did not require a proportionate distribution of students among sponsoring districts.

In Community College of Beaver County, supra, the Commonwealth Court held that the school district's adoption of the proposed plan of sponsorship of the community college "inextricably bound it as a member of the local sponsor in the meaning of the Community College Act." Id. at 490, 287 A.2d at 848. The court went on to reject the school district's contention that it should not be forced to meet its obligations to the community college because it had not budgeted those funds in its local budget for the school year in question, and that under the School Code as it then existed, payments for unbudgeted items were proscribed. Citing Schofield, the Commonwealth Court held that the School Code was not applicable to the situation and affirmed the lower court's ruling, which required the school district to satisfy its funding obligation to the community college as required by the Community College Act.

We read these decisions as authority for the proposition that specific provisions of the Community College Act are controlling when in conflict with the general provisions of the School Code. Those decisions did not totally abrogate the applicability of the School Code to issues involving community colleges. If this were so, the newly formed school districts under the Reorganization Act of 1963 and its 1968 supplement, including Wallingford-Swarthmore, would be able to ignore the School Code's requirement of consolidation of debts and as-

sets and assert that it had no obligation to continue its component's funding of the community college. See, e.g., 24 P.S. §2-298. In the absence of an obligation on the part of the merged school district, all former members of the local sponsor which were now merged would be relieved of any further funding obligation. Thus, we must conclude there are certain instances where provisions of the Schoool Code are applicable in relation to the community colleges.

Defendants contend that their authority to assess the separate tax upon the real property of the former Swarthmore district is derived from section 5210 of the Community College Act, which provides in pertinent part:

"5210. Taxation.

"The governing body of each school district or municipality comprising a local sponsor may levy, annually, taxes on subjects of taxation as prescribed by law in such school district or municipality for the purpose of establishing, operating and maintaining a community college . . . ." 24 P.S. §5210. Defendants argue that the merger of the Swarthmore district with the Wallingford district to form Wallingford-Swarthmore did not affect the obligations of the former Swarthmore district to the DCCC. As noted above, we agree that the newly formed school district, Wallingford-Swarthmore, must continue to meet the obligations of its components to DCCC. We also agree that §5210 permits the school district to levy a tax to meet this obligation. However, rather than concluding that the Community College Act supersedes the School Code, we prefer to read the statutes in pari materia so that effect may be given to both. Lohmiller v. Weidenbaugh, 503 Pa. 329, 469 A.2d 578 (1983), 1 Pa.C.S. §1932. The language of these statutes must be read in a sense

which harmonizes with the subject matter and its general purpose and object. Busy Beaver Building Centers, Inc. v. Tueche, 295 Pa. Super. 504, 442 A.2d 252 (1981). In seeking to achieve this harmony and in light of the purposes behind each statute, we conclude that §5210 does provide defendants with the statutory authority to assess taxes only upon that portion of the school district in which its residents live who can benefit from the tax. A careful reading of this section reinforces our conclusion.

Section 5210 authorizes the governing body, i.e., the school district's board of directors, to levy taxes "on subjects of taxation." It does not require the school district to tax all possible subjects within the district. What, then, are the proper subjects of taxation? In this instance defendants have chosen to tax real property in the former Swarthmore district. Clearly, it is those who occupy such property within the former Swarthmore district who alone stand to benefit from the tax in the form of reduced tuition. Surely, it is only fair and reasonable that those who are in a position to receive a benefit be the class which shoulders the tax burden. See, Washington Avenue, 69 Pa. 352 (1871). Under these circumstances, we will not construe §5210 as prohibiting this fair and reasonable tax apportionment nor, on the other hand, as requiring what would be patently unfair and unreasonable.

This conclusion is consistent with the decisions in Schofield and Community College of Beaver County, discussed above. In both cases, the court held that specific provisions in the Community College Act addressing specific issues presented to the court prevailed over conflicting, general provisions of the School Code. Here, also, we have determined that the specific provisions fund at §5210 of the Community College Act apply to this situation, and

not §2-298 of the School Code, which requires a general consolidation of all debts and assets, with limited exceptions. In such instances, the particular controls the general. 1 Pa.C.S. §1933, Olshansky v. Montgomery County Election Board, 488 Pa. 365, 412 A.2d 552 (1980).

Plaintiffs have not asserted that the tax, as imposed, is unconstitutional, but that defendants lack statutory authority to support the imposition of the tax only upon real property in the former Swarthmore district. For the reasons previously discussed, we find that the only logical resolution to this conflict between the School Code and the Community College Act is an interpretation which permits defendant, Wallingford-Swarthmore, to impose this separate tax pursuant to its taxing powers under 24 P.S. §5210. All other possible interpretations result in ramifications which we believe the legislature could not have intended.

Thus, we are persuaded that the complaint filed by plaintiffs in this matter fails to state a cause of action and sustain the preliminary objections in the nature of a demurrer filed by defendants.

